AMANDA M. SCHUYLER, APPELLANT, V. LORINDA HANNA ET AL., APPELLEES.

[FILED FEBRUARY 3, 1891.]

1. **Homestead:** HEIR'S ESTATE IN: ALIENATION DURING WIDOW'S LIFE.  One H., a resident of Falls City, died in August 1881, leaving as heirs surviving him his widow, one daughter, a son named Rudolph, and the children of a deceased son.  He was possessed of a considerable estate, including the homestead in said city, on which his widow continued to reside until her death in 1885.  Shortly after the death of his father, Rudolph and wife conveyed their interest in the estate of his father, including the homestead, to a trustee, who afterwards reconveyed

to the wife of Rudolph. After the death of his mother, Rudolph conveyed a one-third interest in the homestead to a trustee, who conveyed to his sister, who brought an action against the wife of Rudolph. *Held*, First—Under section 17 of the homestead law of 1879, that the heirs of the person whose property had been selected for a homestead took a vested remainder therein, subject to the life estate of the surviving husband or wife.

2. **Remainders: Vested: Contingent.** It is the present capacity of taking effect in possession, if the possession wore to become vacant, not the certainty that it ever will become vacant while the remainder continues, which distinguishes a vested from a contingent remainder.

Appeal from the district court for Richardson county. Heard below before Appelget, J.

*Isham Reavis*, and *E. W. Thomas*, for appellant, cited, contending that the deed to Hollebaugh was merely a quitclaim, and that no estate could pass until the death of the wife: ,*Young v. Clippinger*, 14 Kan., 148 ; *Blanchard v. Brooks*, 12 Pick. [Mass.], 47 ; *Comstock v. Smith*, 13 Id., 116 ; *Allen v. Holton*, 20 Id., 458 ; *Wright v. Shaw*, 5 Cush. [Mass.], 56 ; *Miller v. Ewing*, 6 Id., 34 ; *Gee v. Moore*, 14 Cal., 472 ; *Kimball v. Semple*, 25 Id., 452 ; *Hall v. Nute*, 38 N. H., 422 ; *Olney v. Hull*, 21 Pick. [Mass.], 311.

*Frank Martin*, contra, cited : *Croxall's Lessees v. Shererd*, 5 Wall. [U. S.], 289 ; 2 Washb., R. P., 507 ; 2 Hilliard, R. P., 189.

Maxwell, J.

In August, 1881, one Dr. H. O. Hanna, a resident of Falls City, died, leaving surviving him as heirs his widow, Martha A. Hanna, one daughter, the appellant in this action, a son, Rudolph M. Hanna, and the children of a deceased son. At the time of his death the doctor was possessed of a considerable estate, consisting of both real

and personal property, and was possessed of a homestead, situate on lots 1 and 2, block 103, in Falls City. This homestead continued to be occupied by the widow, Martha A. Hanna, until her death, which occurred November 5, 1885. Soon after the death of his father, Rudolph M. Hanna, together with his wife, the defendant in this action, made a quitclaim deed of all his interest in the estate of his father, including the homestead, to one Hollebaugh, who soon afterwards reconveyed the same to the defendant herein by a quitclaim deed. After the death of his mother Rudolph sold and conveyed to a trustee for the plaintiff, his one-third interest in the homestead, the consideration being the sum of $200. Conveyances were made accordingly, and the plaintiff claims to be invested with all the interest that Rudolph had in his father's homestead after the life estate of his mother had terminated.

The question presented is, What interest, if any, did Rudolph have to convey in the homestead of his father after the death of his mother? The solution of the question depends upon the construction of the homestead law of 1879. Section 17 of that act provides that "If the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected in the survivor for life, and afterwards in his or her heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor by will." The language is somewhat obscure, as it is not entirely clear to which party the words "his or her heirs" following the words "survivor for life" relate. The fact, however, that where the homestead was not a part of the estate of the survivor he or she should have only a life estate therein would seem to determine this question. In other words, the homestead belongs to the estate of the husband or wife who owned the same, but the survivor, although not the owner, has a life estate in such homestead which the owner cannot by will divest.

On behalf of the plaintiff it is contended that the estate of Rudolph in his father's homestead during the life of his mother was a contingent remainder, and that, although the death of the widow was certain, yet as the person who would be the heir of the original owner was uncertain, therefore no person could transfer an interest in the homestead which would convey the fee during the existence of the life estate. A remainder is contingent when it is limited to take effect on an event which may never happen or which may not happen till after the preceding particular estate ends or is limited to a person not in being or not ascertained. (*Williamson v. Field*, 2 Sandf. Ch., 552; *Leslie v. Marshall*, 31 Barb., 564; *Brown v. Lawrence*, 3 Cush., 397; *Moore v. Lyons*, 25 Wend., 144; *Thompson v. Ludington*, 104 Mass., 193; *Smith v. Rice*, 130 Id., 441; Boone, Real Estate, sec. 173.)

Blackstone says: " Contingent or executory remainders, whereby no present interest passes, are where the estate in remainder is limited to take effect, either to a dubious and uncertain person, or upon a dubious and uncertain event, so that the particular estate may chance to be determined and the remainder never take effect. First, they may be limited to a dubious and uncertain person. As if A be tenant for life, with a remainder to B's eldest son (then unborn) in tail; this is a contingent remainder, for it is uncertain whether B will have a son or no, but the instant that a son is born, the remainder is no longer contingent, but vested. Though, if A had died before the contingency happened, that is, before B's son was born, the remainder would have absolutely gone, for the particular estate was determined before the remainder could vest. * * * A remainder may also be contingent, where the person to whom it is limited is fixed and certain, but the event upon which it is to take effect is vague and uncertain. As, where land is given to A for life, and in case B survives him, then with the remainder to B in fee; here

B is a certain person, but the remainder to him is a contingent remainder, depending upon a dubious event, the uncertainty of his surviving A. During the joint lives of A and B it is contingent, and if B dies first, it never can vest in his heirs, but is forever gone; but if A dies first, the remainder to B becomes vested." (2 Blackstone Comm., 169.)

A vested remainder is one by which a present interest passes to the party, though to be enjoyed in the future and by which the estate is fixed, to remain to a determinate person after the particular estate is spent. He has a fixed right for future enjoyment. It is the present capacity of taking effect in possession if the possession were to become vacant, not the certainty that it ever will become vacant while the remainder continues, which distinguishes a vested from a contingent remainder. . In other words, in the former the enjoyment is uncertain, in the latter the right to that enjoyment. ( *Williamson v. Field*, 2 Sandf. Ch., 553.)

In *Moore v. Lyons*, 25 Wend., 119, the court of errors of New York held that in a devise of real estate to A for life, and after his death to three others, or to the survivors or survivor of them, their heirs and assigns forever, the remainder-man took a vested interest at the death of the testator. Survivorship is referred to the period of the death of the testator where there is no intent manifest to the contrary so as to cut off the heirs of the remainder-man who should happen to die before the tenant for life. It was also held that the remainders were vested and not contingent. The principal opinion was written by Chancellor Walworth and contains a pretty full review of the cases up to the year 1840, and in our view states the law correctly. In the case at bar the remainder became vested in the heirs on the death of their father. If any one of the heirs had died during the existence of the life estate, the heirs of such deceased heir would have inherited his

estate.   That is the law of descent in this state; therefore the interest of Rudolph Hanna in the homestead being a vested remainder at the time he conveyed to Hollebaugh, his interest therein passed by such conveyance, consequently nothing passed by the conveyance to the trustee for his sister, the plaintiff.

The judgment of the court below is right and is

AFFIRMED.

THE other judges concur.