GARRISON et al., Appellants, v. FRAZIER et al.

Division One, November 19, 1901,

Suit to Quiet Title: STATUTE: REMAINDERMAN: LIFE TENANT: ADVANCE-MENTS: PARTITION. Under the statute to quiet title as amended in 1897 (Revised Statutes 1899, section 650), the widow and children who have received nothing by way of advancement from their father who died intestate, can, during the life of the widow and before her homestead or dower has been assigned, bring suit against such children as have received advancements, for the purpose of ascertaining and determining the interest and estate such children may have in the real estate undisposed of, and the court may, by its decree in such proceeding, forever bar such defendants from maintaining any action touching the title or possession thereof. It is not necessary to the determination of the question of advancements between the claimants to intestate's undisposed of real estate, to defer until partition of the estate descended, or the death of the life tenant. The widow having a present interest in the land, is entitled to come into court and have her rights adjusted. And so are the remaindermen under this statute.

Appeal from Christian Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED AND REMANDED.

*Watson & Gideon* for appellants.

This suit is founded on the act of the General Assembly approved March 15, 1897, and incorporated in Revised Statutes 1899, as section 650. We refer to the original act for the reason that we can more clearly arrive at the legislative intent in its passage. At the date of the passage of this act, we had in force in this State two methods by which a disputed title

might be perfected. Section 653, Revised Statutes 1899, where the supposed claimant was barred by limitation and section 647, Revised Statutes 1899, as it then stood. Section 647, as it then stood, authorized any person in possession of real estate, to file his petition in the circuit court, stating the supposed title of any claimant, and requiring such claimant to commence action in ejectment. This provision was available only to one in possession and in such cases only where the claimant had or claimed to have the right of immediate possession. The Act of 1897 was evidently intended to cover such cases as did not come within the purview of the existing law. This is evident from the language used in the emergency clause, to-wit: "This act being remedial in its nature and taking the place of statutes which failed in their object," etc., referring evidently to the statutes above cited. Now does the Act of 1897 cover all cases not embraced in the provisions of these two sections? We submit as proof of this, the broad and sweeping provisions, couched in the most comprehensive language which words are capable of expressing. In the case at bar, the plaintiffs are remaindermen, except Martha J., who is a life tenant. They can not avail themselves of section 647, for the reason that the intervening life estate of Martha J. would prevent the claimants from bringing ejectment to try their title. Yet they have a title which is menaced by the pretended claims of those who have already received their full share of the estate of the common ancestor, John B. Garrison. The interests of these plaintiffs, if unclouded, would be immediately available and could be sold subject to the estate of Martha J. But while these defendants assert any claim to this land, the interest of each of the plaintiffs may vary from one-fifth to one-ninth. The learned trial judge seemed to hold that advancements can not be determined in a proceeding of this kind. Why not? Suppose that Martha J. were dead and that these defendants should commence ejectment proceedings against the plaintiffs, would it not be a good

defense to such a suit for the plaintiffs, the children of Martha J., to show that the older children had already received their full share of the estate of their father by way of advancements made in the lifetime of the father? If this could be inquired into in an ejectment suit, then it could be done if the method provided in section 647 had been followed. To hold that it can not be done in this proceeding is to hold that the present law is not even as comprehensive as the old law, and that the new law is nugatory.

*Long, Gideon & Gideon* for respondents.

(1) No rights of the plaintiff had been invaded and no wrong done or threatened to be done, and for this reason the petition fails to state facts sufficient to constitute a cause of action. "The cause of action is the wrong that has been suffered and the facts that show the wrong, show the cause of action." Bliss on Code Pleading (3 Ed.), sec. 151. (2) Whether the alleged conveyances were gifts or advancements, is no concern of the real plaintiff here, M. J. Garrison, for she does not aver that the defendants are claiming adversely to her. But on the other hand, the petition avers a state of facts so far as she is concerned, that makes it a legal impossibility for the defendants to make a claim adversely to her estate in the lands. Therefore, she has suffered no wrong and has no remedy against defendants. And there is no express allegation in the petition by the other plaintiffs that the defendants are claiming adversely to them. The petition fails to state that J. B. Garrison died intestate. It states no cause of action. Huff v. Laclede Land Co., 157 Mo. 65. Advancements are purely a creation of the statutes and can only be revoked in cases of intestacy. R. S. 1899, sec. 2913; Turpin v. Turpin, 88 Mo. 337. (4) But if the court should hold that the petition states a good cause of action, the contention, we conceive, then, would resolve itself into the proposition under the

pleadings whether advancements can be determined in this kind of an action and the title settled before the majority of the heirs and the death of the widow. The defendants claim that they can not be settled until the time arrives that they choose to come into partition which is fixed by the statutes. R. S. 1899, sec. 2913. And that time is when the real estate descended is clear of all homestead and quarantine rights of the widow. Such alleged advancements can not be brought into hotchpot until the time arrives for partition of the estate descended (R. S. 1899, sec. 2913), which will be at the death of the widow and the majority of the children, who under the facts admitted in the pleadings are jointly entitled with the widow to homestead until their majority.

ROBINSON, J.—The question involved on this appeal is the sufficiency of the petition filed, a demurrer to which was sustained by the court below.

The children of John B. Garrison, deceased, by a second marriage, and their mother, Martha Garrison, instituted this suit in the Christian Circuit Court against the defendants, children of John B. Garrison by a former marriage, to quiet title.

The petition alleges, in substance, the marriage of plaintiff Martha Garrison with John B. Garrison, and the death of the latter in 1885, leaving surviving him as the issue of such marriage the plaintiffs, Lee, Ida, Mary, John and Jessie Garrison. The defendants, Sarah Frazier, Nancy Roberts, George Garrison and William Garrison, and H. F. Garrison, are children of said John B. Garrison by a former marriage. It is alleged that H. F. Garrison makes no claim adverse to the estate of the plaintiffs, and therefore he is not made a defendant. The petition then alleges that said John B. Garrison died seized and possessed of certain real estate, situate in Christian county, of the value of $1,500, which, with the exception of a forty acre tract in section ten, was occupied by

the deceased at the time of his death as a homestead. It is then charged that the defendants, during the lifetime of their father, received real and personal property by way of advancement equal to their share in his estate, and that defendants claim some title, interest or estate in and to the land in suit, adverse to the plaintiffs. The petition concludes with the prayer that "plaintiffs' interests in the land in controversy be determined and title to same be vested in them as their interest may appear and that defendants be forever barred from maintaining any action touching the title to or possession of said land and for other proper relief."

Defendants demurred to the petition on the grounds: First, because the petition does not state sufficient facts to constitute a cause of action; second, because advancements can not be settled in this kind of proceeding; third, because the petition shows that H. F. Garrison is a necessary party to a complete determination of this action.

The court below sustained the demurrer, and defendants, refusing to plead further, suffered a judgment to be entered against them dismissing their bill. From that judgment plaintiffs appeal, assigning as error the action of the circuit court in sustaining the demurrer and dismissing their suit. The question for determination is: Is the Act of 1897, now section 650, Revised Statutes 1899, broad enough to authorize the court to determine advancements between remaindermen before the termination of the widow's life estate; or broadly stated, does the statute apply to parties claiming a remainder prior to the expiration of the intervening life estate?

Under this section, plaintiffs contend that this proceeding can be maintained by the children of the second marriage against their half-brother and sisters by their father's first marriage, and this, too, during the intervening life estate of their mother, and that the court is authorized to inquire into advancements made to the defendants during the lifetime of the common ancestor, John B. Garrison. The defendants, on

the other hand, urge that such advancements can not be settled in this kind of a proceeding, especially before the termination of the life estate.

Under the law as it stood prior to the present statute enacted in 1897, the plaintiffs would undoubtedly have been denied any standing in court.   [Northcutt v. Eager, 132 Mo. 265; Webb v. Donaldson, 60 Mo. 394.]   Upon the authority of these cases the petition would have been fatally defective. It is apparent that the Legislature, in view of such interpretation, deemed it advisable to enlarge the jurisdiction of the courts so as to furnish relief in a large class of cases which were not comprehended in the former statutes, and thereupon passed the statute under which the present suit was instituted, which provides that, "Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion or remainder, whether in possession or not, may institute an action against any person, having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real estate."

The manifest object of this section was to extend the operation of the statute over just such cases as this, and the mere fact that the plaintiffs and defendants are only claiming a remainder after the life estate of the widow, does not militate against the right to maintain the present suit.

In the recent case of Huff v. Land & Imp. Co., 157 Mo. 65, this court, in an opinion by VALLIANT, J., construing this statute, said: "The object of the statute is to allow a person who claims any estate in the land, either in possession or expectancy, without waiting to have his rights trespassed upon, to call anyone who claims an adverse interest into the court to

declare his claim, to the end that the court may then settle the title as between them." And so we think it can be said in this case, that under the broad and sweeping provisions of the present statute any person claiming an estate in reversion or remainder may maintain a suit to quiet title against anyone having or claiming to have any adverse interest in the property, whether in reversion or remainder, and obtain an adjudication forever settling the title and interest of the parties respectively.

It is further objected that the statute does not authorize the court, in this kind of a proceeding, to go into the question of advancements alleged to have been made to the defendants by their father during his lifetime. This claim is based upon the theory that such advancements can not be determined until the death of the widow, and proceedings are instituted to partition the estate descended. We think that view erroneous. As already seen, the present statute amply authorizes the court to ascertain, define and adjudicate, by its decree, the title, estate and interest of the parties as between themselves, and to hold that the question of advancements can not be settled in such proceeding would virtually render the enactment nugatory and meaningless. We are not disposed to give to the statute such a limited construction. Clearly the circuit court had jurisdiction to try and determine the question whether the advancements had been made to the defendants or any of them by their common ancestor during his lifetime. Neither do we think it necessary to the determination of the question of advancement between the claimants to defer action until partitution of the estate descended, or the death of the life tenant.

The object of the statute, it seems, is to give a present right of action to any person claiming an estate in lands, either certain, contingent or in remainder, and to compel the adverse claimant or claimants to come into court and litigate his or their claim. The petition alleged that the defendants' claim to the land in controversy was extinguished by certain

advancements made to them by their father during his lifetime, which averments, for the purpose of this case, must be taken as true; and under the enlarged jurisdiction given by the statute in question, the widow and her minor children have an undoubted right to have the court settle the title as between any one claiming an adverse interest, and thereby quiet their title against the claim of the defendants whose shares in the distribution of the estate it is alleged have been extinguished by such advancement. The life tenant has a present interest in the land, and is, therefore, entitled to come into court and have her rights adjudicated as against defendants.

The failure of the plaintiffs to make H. F. Garrison a party need not be further noticed. Having disclaimed any interest he was neither a necessary nor a proper party. We think that the learned trial judge erred in sustaining the demurrer, and denying plaintiffs a standing in court. The judgment, therefore, will be reversed and the cause remanded with directions to proceed therewith in accordance with the views herein expressed. All concur.