MERIVA L. CAPEN *vs.* WILLIAM W. LEACH & another.

Hampden.    September 23, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Joint Tenants and Tenants in Common.    Cemeteries.    Equity Jurisdiction.*

The erection of a granite monument in a corner of a burial lot, not governed by R. L. c. 78, § 26, by one of four tenants in common of the lot is an exclusive appropriation of a part of the lot which the cotenants can treat as an ouster and they may remove the structure from the common land. If the lot is one governed by R. L. c. 78, § 26, such an exclusive appropriation by one tenant in common equally is unjustified, the course to be followed in case of disagreement being provided by the statute.

Where a bill in equity by a tenant in common of a burial lot to restrain his cotenants from interfering with a monument erected by him in the lot is dismissed on the ground that such an exclusive appropriation of a part of the lot by the plaintiff was unlawful and that the defendants were justified in removing the monument, the bill will not be retained to investigate the question whether unnecessary damage was done in the removal.

BILL IN EQUITY, filed September 5, 1901, to restrain the defendants from removing or interfering with a certain monument erected by the plaintiff in a burial lot in the town of Hampden owned in common by the plaintiff and the defendants.

The defendants demurred to the bill. The Superior Court sustained the demurrer; and the plaintiff appealed.

*C. L. Gardner & C. G. Gardner*, for the plaintiff.

*T. W. Kenefick & E. E. Hobson*, for the defendants.

BARKER, J.    The bill shows that the plaintiff is one of four heirs at law who are tenants in common of a burial lot in a cemetery in the town of Hampden.    Whether the cemetery is one the lots in which are governed by the statutory provisions now in force as enacted in R. L. c. 78, §§ 26, 27, does not appear. The bill alleges that she has selected for the purpose of her burial a corner of the lot and caused a granite monument to be erected thereon which the defendants, two of the three persons who are tenants in common with her, have removed and left exposed and unprotected thereby causing irreparable injury to the monument.

If the cemetery is one governed by the provisions of R. L. c. 78, §§ 26, 27, the possession, care and control of the lot was not in the plaintiff alone, but was in common in the four heirs of whom she was one, and that statute provides the course to be followed in case the four do not agree as to the control of the lot.    That course is a designation by the proper officials as to which of the heirs shall represent the lot in default of such a designation by the heirs themselves.

If on the other hand the lot was not governed by the statute cited the plaintiff and the defendants are merely tenants in common.    The placing upon the lot of a granite monument was an exclusive appropriation by the plaintiff of a part of the land to her own use which the defendants could treat as an ouster and they might remove the structure from the common land. *Bennett* v. *Clemence*, 6 Allen, 10, 18.    *Ingalls* v. *Newhall*, 139 Mass. 268, 273.    *Byam* v. *Bickford*, 140 Mass. 31, 34.    *Harford* v. *Taylor*, 181 Mass. 266.

As the bill shows no right in the plaintiff to place or keep the monument on the lot the demurrer was sustained rightly. If any unnecessary damage was done in the removal, as is perhaps alleged argumentatively, the bill will not be retained to investigate that matter alone.

> *Order sustaining demurrer, and decree dismissing bill affirmed.*