ALICE EDGHILL, APPELLANT, v. HERMAN MANKEY, APPELLEE.

FILED JUNE 7, 1907. No. 14,855.

1. **Life Tenant, Death of.** The death of a life tenant terminates the right of possession of his lessee.

2. ———: RIGHTS OF LESSEE. Where the lessee of a life tenant plants crops before the death of the life tenant and consequent termina-

tion of his lease, he is entitled to reenter to cultivate, harvest and remove such crops; but this right of entry is not inconsistent with the right of possession of the reversioner.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE.  *Reversed.*

*Dorsey & McGrew,* for appellant.

*H. W. Short,* contra.

CALKINS, C.

John Dopke was seized of a life estate in a quarter section farm in Franklin county, which the defendant occupied as his tenant under a lease expiring March 1, 1905. In August, 1904, Dopke made an oral agreement to let the land to the defendant for a term of one year, to begin March 1, 1905; and, following this agreement, the defendant sowed a portion of the land to wheat, and prepared some additional ground for spring planting. In December, 1904, Dopke died. In March, 1905, the plaintiff, who was seized of the fee in the land in question, brought proceedings under the forcible entry and detainer statute to recover the possession thereof. The defendant claimed that by virtue of the oral agreement made in August, 1904, and by the fact of his sowing the wheat, he was at the time of the commencement of this action entitled to the possession of the premises. The plaintiff requested the court to direct a verdict in his favor, which request was denied and the case submitted to the jury, who returned a verdict for the defendant; and from the judgment rendered upon such verdict the plaintiff appeals.

1. It is clear that the lessee of a tenant for life is charged with notice of the extent of his landlord's title, and that on the termination of the life estate, his estate also ends.  *Guthmann v. Vallery,* 51 Neb. 824.

2. It is equally clear that, if the sublessee of a life tenant plants a crop before the death of his landlord, he is

entitled, under the doctrine of emblements, to reap the same. To avail himself of this right, it is obvious that the sublessee must have some right of entry upon the land itself; and, if the tenancy is determined by death soon after the planting of a crop, this right may of necessity be continued for some months. The extent of this right is said to be that the lessee may enter upon the land, cultivate the crop if a growing one, cut and harvest it when fit, and, if interfered with in the reasonable exercise of these privileges by the reversioner, or, if the crop be injured by him, he may have an action for such injury. This does not give him a right to the possession of the land, but merely the right of ingress and egress for the purpose above mentioned; for all other purposes the owner of the reversion has the right to the exclusive possession. 1 Washburn, Real Property (6th ed.), sec. 267; *Collins v. Crownover*, 57 S. W. (Tenn. Ch. App.) 357. It follows that the right to emblements does not extend the term of the sublessee of the life tenant. Upon the death of his landlord he has no longer an estate in the land, and is not entitled to the possession of the same. His right to enter for the particular purposes specified is not inconsistent with the right of possession of the reversioner.

It does not appear from the evidence whether there was a house, barn or other buildings upon the premises, nor how much land was sown to wheat; but it is sufficiently disclosed that there was other land than that sown to wheat, which the defendant purposed to plant to spring crops. The action of forcible entry and detainer being under our statute a purely possessory one, in which no other question than the right of possession could be determined, it must necessarily follow that, if in this case the plaintiff had the right of possession, she was entitled to recover. The only reason urged by the defendant in his brief against the plaintiff's right to possession is the planting of the crop during the life of John Dopke; and this, he argues, operated to extend the lease. We have

already seen that this position is not tenable. The surrender of the possession of the premises generally would not have affected his right to reenter for the purpose of cultivating and harvesting the crops which he had sown; and this was all he was entitled to. The right of a tenant to reenter after the expiration of his term to remove straw by him raised and left upon the premises was expressly recognized in the case of *Smith v. Boyle*, 66 Neb. 823. It is there held that a tenant has a reasonable time after the termination of his lease to reenter and remove personal property by him left upon the premises. The right of a tenant to cultivate and remove emblements rests upon the same principle, and is no greater than the right to enter and remove other personal property. The fact that the property is a growing crop would be considered in determining what constituted a reasonable time for the removal thereof; but otherwise there is no distinction in the two cases. It is clear that such right of reentry is in neither case inconsistent with the right of general possession of the reversioner or owner.

The trial judge should have granted the plaintiff's motion to direct a verdict, and we therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is reversed and the cause remanded for further proceedings.

REVERSED.