IN RE ESTATE OF HENRIETE KAROLINE MISCHKE.
R. C. PETERS, EXECUTOR, APPELLEE, v. WALTER A. KNICELY
ET AL., APPELLANTS.

287 N. W. 760

FILED OCTOBER 6, 1939. No. 30637.

*Bruckman & Dunmire*, for appellants.

*Carrico & Carrico, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an action brought for the purpose of determining who is entitled to the landlord's share of the proceeds of a wheat crop. The case was tried in the county court and in the district court for Adams county upon a stipulation of the following facts: Henriete Karoline Mischke held a life estate in a farm in Adams county. Her children were remaindermen. A few months prior to March 1, 1935, "the said Henriete Karoline Mischke, the widow, leased said described farm to her son Robert John Mischke for a term of five years for a small cash rental for some hay land and one-third (1/3) of all the crops harvested on said land delivered on the market. That the said lessee of said life tenant continued to farm said land, without objections of any of the remaindermen, under the terms and conditions of said lease. That in the fall of 1937 said lessee planted or sowed the cultivated land to wheat." The life tenant died January 29, 1938. The wheat was harvested in July, 1938, delivered, and sold to an elevator in Pauline, Nebraska. The "estate, represented by said executor, claims to be the owner of one-third (1/3) of said grain so delivered on said market and is demanding from Peter Gartner, manager of the elevator, the proceeds therefrom, while, on the other hand, the remaindermen, or their grantees, claim to be the owner of said grain and the proceeds therefrom and demanding the same from the said Peter Gartner." The "only issue in this case presented to the court for decision is, the ownership of said wheat so harvested and delivered at said elevator, and who is entitled to the proceeds therefrom, the estate of Henriete Karoline Mischke, or the remaindermen, and their grantees."

Parties to this action are the executor of the Mischke estate and Walter A. Knicely, grantee of certain of the remaindermen.

The manager of the elevator filed no pleading herein except a voluntary appearance. He appeared and testified that he was holding the proceeds of one-third of the crop until it was determined to whom it should be paid. He offered to pay it to whomever was entitled to it. While no order is shown, it appears from the court's decree that the money was paid to the clerk of the district court. The trial court found for the executor and against the remaindermen and decreed "that J. Fred Ernstmeyer, clerk of the district court of Adams county, Nebraska, pay and turn over to R. C. Peters, executor of the estate of Henriete Karoline Mischke, deceased, said amount of money $336.78 deposited with him by the Pauline Grain Company, and in his possession."

The matter comes to us upon appeal by Mr. Knicely, submitting the same question that was submitted to the trial court in the stipulation.

If the lease was in writing, it is not in evidence. We have no means of determining what its provisions were, or what the rights of the parties created thereby may have been save and except the statement made in the stipulation with reference to the division of the crops.

Appellant contends that a landlord and tenant relationship was created by the lease. In the absence of anything to the contrary in the stipulation and the bill of exceptions, we assume that appellant's contention is correct and that the relationship of landlord and tenant was created by the lease.

A landlord and tenant are tenants in common of growing crops where rent is reserved in a share of the crops. *Sims v. Jones*, 54 Neb. 769, 75 N. W. 150.

This court has repeatedly held that growing crops are personal property. See *Johnson v. Walker*, 23 Neb. 736, 37 N. W. 639; *Aldrich v. Bank of Ohiowa*, 64 Neb. 276, 89 N. W. 772; *Sims v. Jones, supra*; *Cooper v. Kennedy*, 86 Neb. 119, 124 N. W. 1131.

It necessarily follows that the life tenant at the time of her death was the owner of an undivided interest in the

wheat then growing on the land, and that such interest was a personal property interest, and title thereto passed to her estate.

The interest of the life tenant in the real estate was extinguished by her death. Her title did not pass to the remaindermen. It ceased to exist. Obviously, the interest of the life tenant in this crop, as personal property, was not extinguished upon her death. To hold that her title to the growing crop was extinguished, and that the remaindermen owned the crop, would require us to hold that the crop was a part of the land, and that, as such, title to the crop followed title to the land. To so hold would require us to overrule our holdings that growing crops are personal property. That rule is now a rule of property in this state.

Appellant contends that to hold that the landlord's share of the growing crop goes to the executor of the life tenant, and not to the remaindermen, is to deprive the remaindermen of the rents of the land, to which they are entitled after their vested estate is freed from the burden of the life interest.

Such a result necessarily follows where lands, devoted to the growing of annual crops, are held, as here, burdened by a life estate and a right of possession in that estate, terminable at an uncertain date in the future. "This, however, cannot be said to impair the next estate; for it is an incident, created by law, of every estate in reversion or remainder—a burthen, if it be one, imposed, as we have said, in the interest of agriculture; for, when the termination of an estate is uncertain, it would greatly discourage the cultivation of the land, if every such tenant must sow at his peril. Hence, it is that the right to harvest growing crops, sown and cultivated before the termination of the particular estate, in no legal sense infringes upon the next estate in possession." *Noble v. Tyler*, 61 Ohio St. 432, 56 N. E. 191.

By the common law, "Tenant for life, or his representatives, shall not be prejudiced by any sudden determination of his estate, because such a determination is contingent

and uncertain. Therefore if a tenant for his own life sows the lands and dies before harvest, his executors shall have the *emblements* or profits of the crop: for the estate was determined by the *act of God*, and it is a maxim in the law, that *actus Dei nemini facit injuriam* (the act of God injures no man). The representatives, therefore, of the tenant for life shall have the emblements to compensate for the labor and expense of tilling, manuring and sowing the lands; and also for the encouragement of husbandry, which being a public benefit, tending to the increase and plenty of provisions, ought to have the utmost security and privilege that the law can give it." 1 Cooley's Blackstone (4th ed.) book 2, ch. 8, p. *122. See, also, 15 Am. Jur. 219, sec. 26; 21 C. J. 944.

"Emblements are corn and other crops of the earth which are produced annually, not spontaneously but by labor and industry. * * * The doctrine or right of emblements entitles one who holds land for a period subject to termination at a time which he cannot ascertain beforehand to remove from the land after the termination of his tenancy the annual crops or emblements which he has planted thereon prior to such termination, if the termination is brought about without any fault on his part or without any act of his intended to bring about such a result." 15 Am. Jur. 216, sec. 24.

"1. It is clear that the lessee of a tenant for life is charged with notice of the extent of his landlord's title, and that on the termination of the life estate, his estate also ends. * * *

"2. It is equally clear that, if the sublessee of a life tenant plants a crop before the death of his landlord, he is entitled, under the doctrine of emblements, to reap the same." *Edghill v. Mankey,* 79 Neb. 347, 112 N. W. 570. See, also, 2 Taylor, Landlord & Tenant (9th ed.) secs. 534, 535; 2 Underhill, Landlord & Tenant, sec. 776; 2 Tiffany, Landlord & Tenant, sec. 251 (C) (2).

It is clear that the rule of emblements applies where the life tenant sows the land for himself. It applies also to the

lessee of the life tenant. The reason upon which the doctrine of emblements is based requires that it be applied likewise to that share of the crop which was reserved to the life tenant as rent.

The judgment of the trial court is

AFFIRMED.