STATE v. AMON HOSKINS, Appellant.—No. 40640.—208 S. W. (2d) 221.

Division Two, February 9, 1948.

378

*J. Ben Searcy* for appellant.

*J. E. Taylor,* Attorney General, and *Robert L. Hyder,* Assistant Attorney General, for respondent.

[221] BOHLING, C.—Amon Hoskins appeals from a judgment imposing a fine of $25 for the willful and malicious destruction of a portion of the fence around a private family burial ground. Under Sec. 4728, R. S. 1939,* the offense is a felony.

The testimony established that George Hoskins many, say 40, years ago fenced off a plot 40 feet square out of a 40 acre tract for a family burial ground, it being understood that any of the family who might desire could use it for burial purposes. Hoskins died about 1933 and the land passed to his heirs; that is, to his [222] widow and their several children, who, according to the State, owned the land as tenants in common. Mrs. J. W. Rhea, a daughter of Hoskins, had five children buried in this plot. Otho Rhea, her son, was buried there April 13, 1946. At the place where Otho was buried there was no fence for 8 or 10 feet or the fence was in bad condition and, on account of the existing graves, it was removed to permit of his burial and he was buried "one-half in and one-half out" of the cemetery. On the following Decoration Day J. W. Rhea, Otho's father, and others returned to the burial plot and erected a fence, but instead of rebuilding it on its former location they enclosed an additional 6 to 10 feet of the 40 acre tract. Testifying in his own behalf, defendant admitted he soon thereafter removed this newly constructed fence and erected a fence of two strands of barbed wire where the fence had been prior to Otho's burial.

---

*Sec. 4728 reads in part: "Every person who shall willfully and maliciously destroy . . . any . . . fence . . ., or any part thereof, around . . . any cemetery, graveyard or burial ground . . . shall be adjudged guilty of a felony . . ."

The consent of the tenants in common was never sought or secured to the interring of Otho Rhea outside the boundary of the graveyard or to the conversion of the additional 6 to 10 feet of the pasture into a burial ground. The evidence affirmatively established that defendant (as well as other tenants in common) never parted with any of his proprietary rights as such tenant in and to said additional 6 to 10 feet of land. Defendant, at the time, was in possession of the 40 acre pasture, using it for that purpose, and had occupied the farm for many years according to the State's witnesses.

The record discloses that thereafter the land was deeded to defendant with a specified portion thereof reserved for a graveyard.

An essential attribute of a tenancy in common is the unity of possession; that is, each tenant in common, although vested with a separate and distinct title, holds an undivided fraction in every particle of the whole in common with his co-tenants. 62 C. J. 408, secs. 2, 4; 14 Am. Jur. 87, secs. 15-17; 2 Tiffany, Real Property (3d Ed.), 212, sec. 426.

An appropriation of land as a burial ground effects a dispossession of its use for all other purposes. The burying of Otho Rhea partly in the pasture without the consent of all the tenants in common, in the very nature of the situation, constituted a conversion of the portion of the parture so used to the exclusion of the nonassenting tenants in common. The extension of the graveyard to embrace the additional 6 to 10 feet of pasture land by the erection of the fence constituted an entry upon the right of possession of the nonassenting co-tenants and also a dispossession and ouster of defendant's actual possession thereof. The new fence was not on the line between the graveyard and the pasture. With defendant in actual possession, he had the right to peaceably remove this unauthorized obstruction to his lawful possession and user of the pasture. In so doing he did not deprive any co-tenant of any lawful right. The wrong was committed when the trespass occurred adding 6 to 10 feet of the pasture land to the private graveyard. Section 4728, supra, contemplates the destruction of a lawful fence around a cemetery. Defendant's peaceful restoration of the fence to its lawful line did not violate said Sec. 4728. Consult Hammersley v. LaForge (Mo. App.), 80 S. W. 2d 211, 215[2, 3, 5]; Capen v. Leach, 182 Mass. 175, 65 N. E. 63; Annotation 67 L. R. A. 122, VI.

The State's sole ground for considering said 6 to 10 feet of the pasture a part of the private family burial ground is that there was a dedication thereof to such use. The contention is not well taken. We develop one of several reasons. There may be a dedication of land to a public cemetery. Polhemus v. Daly (Mo. App.), 296 S. W. 442, 444, 445; Tracy v. Bittle, 213 Mo. 302, 112 S. W. 45, 15 Ann. Cas. 167; 5 R. C. L. 237, sec. 4; 11 C. J. 50, sec. 1, 57, sec. 17;

10 Am. Jur. 489, secs. 6, 7; 14 C. J. S. 63, sec. 1; 78, sec. 19. The instant record, however, involves a private family burial ground and, as ruled in Woolridge v. Smith, 243 Mo. 190, 198(II), 147 S. W. 1019, 1021[2], 40 L. R. A. (N. S.) 752, 755(2): ". . . There is no such thing as the dedication of property to private use. The proprietor of land can dedicate it to a public use . . . On this theory we [223] say that a public graveyard may be established without a deed from the original owner. Private burial grounds, however, must be established in a different way. In Missouri we have a statute prescribing the method. [Section 1303, R. S. 1909; now Sec. 15262, R. S. 1939. See also Secs. 15263, R. S. 1939.] . . .

". . . The lawmaking power realized that a landowner could not dedicate property for such use . . .

". . . The statute as to family burying grounds not only requires a deed, but it requires the *record* of such instrument. To our mind this statutory method is exclusive . . ." See also Caruthersville v. Faris (Mo. App.), 146 S. W. 2d 80, 83; Hutchinson Land Co. v. Whitehead Bros. Co., 127 Misc. 558, 217 N. Y. Supp. 413; Morgan v. Collins School House, 160 Miss. 321, 133 So. 675.

The State cannot successfully prosecute this action under the facts. Therefore, the judgment is reversed and the defendant is discharged. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.