TONIE I. STATLER, APPELLEE, V. EDWIN L. WATSON ET AL.,
APPELLEES, IMPLEADED WITH IVO KLEINSCHMIT, APPELLANT.
68 N. W. 2d 604

Filed February 25, 1955.   No. 33669.

(1)

2

*T. L. Grady,* for appellant.

*Robert J. Swanson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Matilda E. Watson was the owner of a life estate in the northwest quarter of Section 15, Township 23 North, Range 3 East of the 6th P. M., in Stanton County, Nebraska, and she was the owner of an undivided one-fourth thereof subject to her life estate therein. Tonie I. Statler, named appellee herein, was the owner of an undivided three-fourths of the described land subject to the life estate of her mother Matilda E. Watson.

Matilda E. Watson, hereinafter designated deceased, entered into a written lease with Ivo Kleinschmit, herein identified as appellant, by the terms of which the land was leased to him for a term of 11 years commencing March 1, 1948, and continuing to March 1, 1959. He went into possession of the land at the commencement of the term, and maintained his possession until after the death of the lessor.

The deceased died testate a resident of Antelope County, January 21, 1954. Her will was probated February 16, 1954. It devised the undivided one-fourth of the land owned by the deceased at the time of her death to appellee, Gilbert H. Watson, and Edwin L. Watson in equal shares. Appellee deprived appellant of the possession of the land February 15, 1954, and she has since maintained and had exclusive possession thereof.

Appellee commenced an action February 19, 1954, to partition the land. She was then the owner of an un-

divided five-sixths of it and the other devisees of the deceased were each the owners of an undivided one-twelfth thereof subject to any existing rights of appellant because of the lease on the land. Appellee alleged in the partition case that appellant was before the death of deceased the tenant in possession of the land; that his tenancy terminated on the death of deceased; and that he claimed some interest in the land but that he had no interest therein. Appellant pleaded the facts concerning the lease of the land to him by deceased for a term of 11 years commencing March 1, 1948; that he was forcibly and wrongfully dispossessed of the land; that he was entitled to the possession of the land by virtue of the lease; and he asked the court to restore him to the possession thereof. Appellee denied the new matter in the pleading of appellant.

There is no conflict in the proof as to any material matter. The existence of the lease and the performance of the requirements of it by the parties thereto until the time of the death of the lessor were conceded. Appellant planted a part of the land to wheat in the fall of 1953 and it produced a crop of wheat in 1954. He constructed and repaired fences on the land and the lease assured him a right to remove any "fence posts and wire installed" thereon. Appellant was deprived of possession of the land as above stated herein. Appellee by the operation of a disk injured or destroyed a part of the growing wheat on the land that was planted by the appellant in the fall of 1953.

The trial court determined that appellant was entitled to reenter the land for the purpose of harvesting the wheat planted by him on a part of the land in the fall of 1953, for the purpose of removing from the land his hay in stack thereon, and for the purpose of removing all fence posts and wire placed by him on the leased premises; that he had no other right to the possession of the land and no interest therein; that appellee damaged or destroyed a part of the growing wheat on

the land that was planted by appellant in the fall of 1953 and appellee was liable for the amount of the damages caused thereby; and that the court should retain jurisdiction of the cause to determine and adjudicate such damages.

Appellant argues that tenants in common have an equal right to the possession of the property owned by them and one tenant may not dispossess a lessee of another tenant who is in the exclusive and peaceful possession of the property. This is not pertinent to or important in this litigation. The deceased and appellee were not tenants in common of the land involved at the time the lease was made or so far as the record shows at any time. The former was a life tenant of all the real estate and the owner of one-fourth of the remainder. The interest in the land of the latter was that of owner of three-fourths of the remainder subject to the life estate of her mother. The mother and daughter were tenants in remainder, but they were not tenants in common because of the absence of the indispensable unity of possession or right of possession of the land required for a tenancy in common. A tenancy in common is characterized by the essential unity of possession or right of possession of the common property. If such unity exists there is a tenancy in common without regard to any other unities and if it is not present the estate is not a tenancy in common. In Hay v. Crawford, 159 Kan. 723, 158 P. 2d 463, 159 A. L. R. 388, it is said: "A primary and essential characteristic of a tenancy in common is the right of possession by each of the cotenants." See, also, American Bank & Trust Co. v. Continental Inv. Corp., 202 Okl. 341, 213 P. 2d 861; In re Appeal of Delashmutt, 234 Iowa 1255, 15 N. W. 2d 619; Zolezzi v. Michelis, 86 Cal. App. 2d 827, 195 P. 2d 835; State v. Hoskins, 357 Mo. 377, 208 S. W. 2d 221; 14 Am. Jur., Cotenancy, § 16, p. 87; 86 C. J. S., Tenancy in Common, §§ 1, 2, and 5, pp. 361, 364; 2 Tiffany, Real Property (3d ed.), § 426, p. 212; Freeman on Cotenancy and

Partition, § 86, p. 144. A remainderman does not have the right of possession of the real estate during the existence of a life tenancy therein. In re Appeal of Delashmutt, *supra;* 33 Am. Jur., Life Estates, Remainders, Etc., § 219, p. 703.

The deceased was authorized to lease the subject of her tenancy for life and her interest in the fee of the land in question. The contract of a life tenant purporting to include the entire property affected by the life estate extends to and is effective as to all the interest therein of the person who is the life tenant. In Moffitt v. Reed, 124 Neb. 410, 246 N. W. 853, it is said: "The conveyance of a certain tract of land by the life tenant conveys to the grantee such estate as the life tenant holds * * *." See, also, LeVee v. LeVee, on rehearing, 93 Or. 379, 183 P. 773; 2 Tiffany, Real Property (3d ed.), § 426, p. 212. A remainderman may sell and convey or contract in reference to a remainder estate. Shearon v. Goff, 95 Neb. 417, 145 N. W. 855; Schuyler v. Hanna, 31 Neb. 307, 47 N. W. 932, 11 L. R. A. 321; 31 C. J. S., Estates, § 88, p. 100.

It is true that the death of a life tenant during the term terminates a lease existing between him and his lessee if the lease is confined to the life tenancy. If the lessee remains in possession of the property thereafter he becomes a tenant by sufferance. Guthmann v. Vallery, 51 Neb. 824, 71 N. W. 734, 66 Am. S. R. 475; Edghill v. Mankey, 79 Neb. 347, 112 N. W. 570, 11 L. R. A. N. S. 688; Annotation, 6 A. L. R. 1506. The deceased, the owner of one-fourth of the land in fee subject to her life estate, had the capacity and right to sell, convey, encumber, lease, or contract in reference to it as she desired. Her death did not terminate the lease given by her to appellant as to that interest. The lease was and is valid as to her remainder interest in the land.

Appellant was entitled after the death of deceased to go upon and remove from the land the wheat planted thereon in the fall of 1953, and to take the hay in stack belonging to him from the premises. Edghill v. Mankey,

*supra;* In re Estate of Mischke, 136 Neb. 875, 287 N. W. 760, 125 A. L. R. 277; Annotation, 6 A. L. R. 1506. Appellant may by virtue of the terms of the lease remove from the land "fence posts and wire installed" thereon by him. Appellee is liable to appellant for the damage done to the wheat on the land by operating a disk through the wheat field, and the amount of the damage should be determined by the district court and appellee should be ordered to pay it to appellant. The lease made to appellant by deceased is valid and existing as to the undivided one-fourth of the land owned by her. In the event the land is ordered sold in this case to accomplish a partition of it the value of the leasehold of appellant should be determined by the district court as of the date of the sale, and the amount thereof should be paid to appellant from the proceeds of the sale of the part of the land owned in fee by deceased at the time of her death.

The judgment granting appellant the right to enter the land, harvest and remove from it the wheat planted thereon in the fall of 1953, to remove and take from the land the hay in stack belonging to appellant, and to remove and take from the land the fence posts, wire, and fencing installed by him thereon by virtue of the terms of the lease should be and it is affirmed. The judgment in all other respects should be and it is reversed and the cause is remanded to the district court for Stanton County for further proceedings in harmony with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.