Mrs. Carter M. BUFORD, Mrs. Frank P. Ford and Miss Mamie Reed, Respondents,

v.

Blanche LUCY and Herbert Lucy, Appellants.

No. 47195.

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1959.

J. O. Swink, Farmington, Dearing, Richeson & Weier, H. L. C. Weier, Hillsboro, for appellants.

Roberts & Roberts, J. Richard Roberts, Farmington, for respondents.

STORCKMAN, Judge

In this action the plaintiffs seek to set aside and cancel a deed and to adjudicate the title to real estate situated in the City of Farmington, Missouri, consisting of residence property shown by the evidence to have a value of between $10,000 and $12,-000. The trial court found the issues in favor of the plaintiffs from which judgment the defendants have appealed.

The real estate was originally owned by Dr. W. A. Copeland who died in 1928 leaving his widow, Mary E. Copeland, but no children, surviving. By his will Dr. Copeland devised his property including the real estate to his widow. The validity of the deed in question and the title to real estate depends upon the extent to which the power of alienation was conferred upon the widow by the will. The three plaintiffs, who are nieces and as such heirs at law of Dr. Copeland, claim fee simple title as remaindermen under the will. The defendants assert title by virtue of a warranty deed executed by the widow in her lifetime.

The portion of Dr. Copeland's will bearing upon the character of the widow's es-

tate and her power of disposition is as follows:

"2nd. I give and bequeath to my beloved wife, Mary Elizabeth Copeland, if living at the time of my death, all my property both real, personal or mixed of whatever kind of nature soever, whereever situated; To have, hold, use and enjoy during her natural life, with full power to dispose of the same in fee absolutely, if necessary for her use, support or maintenance; and the question of such necessity of such disposition or sale of any or all of said property for her use, support or maintenance as aforesaid, is by me left solely to her opinion about the same.

"3rd. It is my wish that if at the death of my beloved wife, there is any part or portion of my property either real, personal or mixed undisposed of by my wife as aforesaid, that the same may descend to and be equally divided among my heirs as provided by the law of the State of Missouri of descent and distribution.

"I hereby nominate and appoint my beloved wife, Mary Elizabeth Copeland, sole executris of this my will, and it is my wish that she be not required to fill any bond, and that no administration be required on my estate, but that all of my property, real, personal and mixed, subject to the payment of my just debts descend to and vest in my beloved wife, Mary Elizabeth Copeland on my death."

After the death of Dr. Copeland, his widow continued to occupy the property as her residence until the time of her death on October 12, 1956. About 1932 Mrs. Copeland married Mr. Otto W. Ramsey; he died in 1946. Mrs. Ramsey was on friendly terms with the defendant Blanche R. Lucy, a daughter of Mr. Ramsey. This relationship continued after the death of Mr. Ramsey. On December 12, 1955, Mary E. Ramsey executed and delivered a warranty deed purporting to convey the real estate in dispute to Mrs. Lucy. The deed was recorded on October 29, 1956, after the death of Mrs. Ramsey.

By their amended petition on which the case was tried, the plaintiffs attack the validity of this deed on two grounds. One was that by the terms of the will of Dr. Copeland his widow had the power to dispose of the real estate only if necessary for her use, support or maintenance; that no such necessity existed at the time the deed was executed; and that Mrs. Ramsey did not in fact sell the real estate but undertook to convey it as a gift to Mrs. Lucy in violation of the provisions of Dr. Copeland's will. The other ground was that Mrs. Ramsey was mentally incompetent when the deed was made and that Mrs. Lucy fraudulently induced her to execute it. The plaintiffs made no effort to prove the charge of mental incapacity or fraudulent inducement, but the defendants introduced evidence tending to prove that Mrs. Ramsey was of sound mind. The defendants alleged there was consideration for the deed in that Mrs. Lucy had performed personal services for Mrs. Ramsey and had afforded her companionship from 1946 to the date when the deed was executed.

Plaintiffs' proof was that when the deed was executed on December 12, 1955, Mrs. Ramsey had cash and securities valued in excess of $90,000 in addition to the residence property in which she was living. There was also evidence that after the execution of the deed eleven checks aggregating $11,300.55, payable to Mrs. Lucy, were paid from the bank funds of Mrs. Ramsey.

On this appeal, the defendants contend that the court erred in setting aside and cancelling the deed and finding that they had no right, title or interest to the real estate because Mrs. Ramsey was vested with the power and authority to dispose of the real estate in her sole discretion and the conveyance of the real estate was justified under the circumstances shown

by the evidence. The defendants further contend that the court erred in failing to require all the heirs of Dr. Copeland to be made parties plaintiff or defendant. We will consider the latter contention first.

The plaintiffs assert that the defendants waived the alleged defect of parties by failing to raise the issue either by motion or by answer citing Ray v. Nethery, Mo., 255 S.W.2d 817; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, and Bartlett v. De Graffenreid, Mo.App., 305 S.W.2d 906, which state the rule that a nonjoinder of parties may be so waived. See also Sections 507.050 and 509.340, RSMo 1949, V.A.M.S.

There is nothing in plaintiffs' amended petition which might reasonably be said to have put the defendants on notice that there were heirs at law of Dr. Copeland other than the plaintiffs. The first paragraph of the petition alleged that: "Plaintiffs, Mrs. Carter M. Buford, Mrs. Frank P. Ford, and Miss Mamie Reed, are heirs at law of W. A. Copeland, deceased." On this issue the defendants' answer called for strict proof.

At the conclusion of plaintiffs' case the defendants filed a motion for judgment. The argument on the motion is not preserved, but at its conclusion plaintiffs' counsel asked leave to reopen "to show the ownership." The court observed that the allegation of interest was not admitted and counsel again stated: "We would like to re-open to show the fact that the plaintiffs are in fact the heirs of Dr. Copeland." Leave to reopen was granted. Mrs. Erna Copeland Ford, one of the plaintiffs, then testified that Dr. Copeland had seven brothers and sisters, all of whom had died leaving descendants. The testimony was indefinite and incomplete, however, as to the number, names, and respective interests of the other heirs of Dr. Copeland. At the conclusion of Mrs. Ford's testimony, the defendants refiled their motion and it was overruled.

Defendants' aftertrial motion for judgment alleged that there was a fatal defect of parties plaintiff, and in their alternative motion for new trial they alleged that "the court erred in not compelling plaintiffs to join as parties to this suit, all of the heirs of W. A. Copeland."

Where an issue is presented without objection in the trial court, although not pleaded, and is supported by evidence, the opposing party will not be heard to complain that such issue was not raised by the pleading. Evett v. Corbin, Mo., 305 S.W.2d 469; Woolfolk v. Jack Kennedy Chevrolet Co., Mo.App., 296 S.W.2d 511. In these circumstances the question of nonjoinder of necessary parties was not waived although the answer was not amended to conform to the issue and proof developed at the trial. Section 509.500.

Also it has been held that where the nonjoinder of necessary parties does not appear on the face of plaintiffs' petition, but becomes apparent for the first time during the taking of evidence in plaintiffs' case, the defendants can at that time take advantage of the defect by motion. Peters v. McDonough, 327 Mo. 487, 37 S.W.2d 530, 532 [5]; Section 507.050; S.Ct. Rule 3.06, 42 V.A.M.S.

The defendants contend the other heirs were necessary parties because the action is essentially one to quiet title; the plaintiffs assert all the heirs were not essential parties because the original petition was entitled as an action for a declaratory judgment construing the will of Mary E. Ramsey and to set aside the deed. They concede the title of the petition is not controlling but say it shows the intent of the parties and their theory of the case. In support of their contention, plaintiffs cite Trammell v. Glens Falls Indemnity Co., 259 Ala. 430, 66 So.2d 537, a declaratory judgment action under the Alabama statute, and Greer v. Scearce, D.C.Mo., 53 F.Supp. 807, a similar action brought under the Federal Act. These cases are not

persuasive in any respect here involved. See further Contracting Plumbers Ass'n of St. Louis v. City of St. Louis, Mo.App., 249 S.W.2d 502, 504 [1].

The parties required to be joined are determined not by the name given the action but by the nature of the relief requested and the character of the interests adjudicated. The prayer of plaintiffs' amended petition was that the deed be set aside and cancelled of record and that the court enter its decree "declaring and adjudging that defendants have no right, title or interest in or to said described real estate and that the heirs of W. A. Copeland are sole owners thereof, in fee simple, * * *."

The decree of the trial court

"Ordered, Adjudged and Decreed that the heirs of W. A. Copeland are vested with the fee simple title in and to the following described real estate, as described in the petition, to-wit: * * *.

"And the Court doth further find and decree that the defendants, Blanche Lucy and Herbert Lucy, have no right, claim, interest, estate, or title whatsoever in or to said real estate, or any lien thereon.

"The Court further finds that the Deed from Mary E. Ramsey, dated the 12th day of October, 1955, to Blanche R. Lucy, recorded in Book 324 at page 109, of the Land Records of St. Francois County, Missouri, is null and void, and said deed is hereby set aside and the Recorder of Deeds of St. Francois County is directed to cancel the recordation thereof, and that the cost of these proceedings be assessed against defendants and that execution issue therefor."

This appears to be a conventional suit to quiet title coupled with a request for the equitable relief of setting aside a deed of conveyance and cancelling its recordation. The statutory provisions for declaratory judgment actions are designed to supply a deficiency in our remedial proceedings and are not intended to be a substitute for all existing remedies. State ex rel. Kansas City Bridge Co. v. Terte, 345 Mo. 95, 131 S.W.2d 587, 124 A.L.R. 1331; Liberty Mutual Insurance Co. v. Jones, 344 Mo. 932, 130 S.W.2d 945, 125 A.L.R. 1149. The claim of the heirs at law of Dr. Copeland that they are the owners of the real estate in fee simple, if sustained, constitutes them tenants in common, each owning an undivided interest in the whole property. Anast v. Czerwenka, 356 Mo. 741, 203 S.W.2d 463, 467 [3]; State v. Hoskins, 357 Mo. 377, 208 S.W.2d 221.

The Civil Code governs the procedure in all suits and proceedings of a civil nature unless otherwise provided by law. Section 506.010. There is specific statutory provision that in suits to quiet title the procedure shall conform in all respects to the provisions of the code of civil procedure affecting real estate. Section 527.-160. It has been recognized that the code provisions with respect to the joinder of parties are applicable to suits to quiet title. Peniston v. Hydraulic Press Brick Co., 234 Mo. 698, 138 S.W. 532, 534 [1].

Section 507.030 provides that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants"; that a person refusing to join as a plaintiff may be brought in as a defendant; and when a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in. Class actions are excepted from these requirements, but neither the pleadings nor the proof bring this suit within that category. See section 507.070 and S.Ct. Rule 3.07.

Webster's New International Dictionary, 2d Ed., defines the adjective "joint" as:

"United, joined, or sharing with another or with others; not solitary in interest or action; holding in common with an associate, or with associates; acting together; as, *joint* heir; *joint* creditor; *joint* debtor, etc." See also Halferty v. Karr, 188 Mo.App. 241, 175 S.W. 146, 147 [2], defining joint owners.

■ Under the Civil Code all persons should be joined as plaintiffs or defendants who have a united or common interest with respect to the enforcement of rights or claims and whose presence is necessary to a complete determination of the questions involved. 67 C.J.S. Parties §§ 26 and 45, pp. 943 and 967. See also School District No. 24 of St. Louis County v. Neaf, 347 Mo. 700, 148 S.W.2d 554, 557 [4], quoting from the text above cited and approving the definition of a necessary party as a person who has a direct and immediate interest in the subject matter in litigation and who, if not joined, would have the right to relitigate the questions involved in the case.

■ All persons materially interested in the subject matter of a suit to quiet title should be made parties to it, either as plaintiffs or defendants, however numerous they may be, so that there may be a complete decree, which will bind all of them. Schaeffer v. Moore, Mo., 262 S.W.2d 854, 858 [4]; Allen v. Wiseman, 359 Mo. 1026, 224 S.W.2d 1010, 1013 [10]; Leeper v. Kurth, 349 Mo. 938, 163 S.W.2d 1031, 1033 [4]; Bragg v. Ross, Mo., 139 S.W.2d 491, 493–494.

In Allen v. Wiseman, supra, an action to determine and quiet title under our statutes, now Section 527.150 RSMo 1949, V.A.M.S., the surviving husband of Catherine Ellison, having a life estate by curtesy, undertook to sell the land by warranty deed to the plaintiff. After the death of her grantor, the plaintiff brought this action against some but not all of the heirs of Catherine Ellison. This court held that plaintiff did not acquire title to the real estate and in reversing and remanding the case, stated, 224 S.W.2d 1013: "The record is equivocal in showing defendants-appellants constitute all of the children (or their descendants) of Catherine M. Ellison. It was the testimony of Joe Ellison, defendant-appellant, that his sister Ida, daughter of Catherine, married one Richardson, and has been dead for several years. It seems Ida was survived by children, some of whom 'are of age and one or two are not.' The record has disclosed improvements have been made by plaintiff or her daughter upon the land herein involved. Upon remand the trial court should cause the children or other descendants of Ida to be made parties. Their rights and interests as heirs of Catherine should be protected and determined in a decree vesting the title to the described land in the heirs of Catherine including defendants-appellants."

The cotenants not joined in this action are entitled to claim a direct and immediate interest in the real estate on a par with that which the plaintiffs have asserted. It has not been demonstrated that the cotenants not joined would be bound by the result if the plaintiffs did not prevail in this case. Relitigation of issues is one of the evils sought to be avoided by the requirements for joinder of necessary parties which we believe the other heirs to be. Then, too, if by chance any of the heirs disclaim any interest, the successor to such interest could be determined in the same action. See Garrison v. Frazier, 165 Mo. 40, 65 S.W. 229. Since the case must be retried, it is not necessary or desirable to undertake to determine other questions presented on this appeal.

■ The judgment is reversed and the cause remanded with directions to permit the plaintiffs to amend their petition to bring in other necessary parties and for further proceedings consistent with the views expressed in this opinion.

EAGER, J., and RUARK, Special Judge, concur.