FRANK DE PATRA *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT, ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 134235

Mémorandum filed March 25, 1964

*Frank W. De Patra,* the plaintiff (claimant),
pro se.

*Robert H. Arnold,* of East Hartford, for defendant United Aircraft Corporation.

*Harold M. Mulvey,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

HOUSE, J. This is an appeal by the employer, The United Aircraft Corporation, from a decision of an unemployment compensation commissioner holding that the claimant was not ineligible for unemployment compensation benefits during the period from February 9, 1963, through March 9, 1963.

The finding discloses that the claimant in 1961 suffered from an ulcer condition, which had been cured through medication. In July, 1962, he was transferred to the second shift, working from 3:30

p.m. until midnight, as a crib attendant. The transfer was expected to be a temporary one. In November, 1962, he complained to his employer that the night-shift work made him nervous. As time went on he became more nervous and thought that his ulcer might return. He visited his doctor in July and December, 1962, and in January, 1963, with complaints concerning his stomach and back. He left his job on February 8, 1963, and on February 17, 1963, applied for unemployment compensation benefits. On March 13, 1963, the administrator approved the claim without imposition of the statutory disqualification period, and the employer's appeal was heard on May 13, 1963. The commissioner further found that, at some unstated time after the claimant left his job, his health returned to him, and he is in better physical condition than when he was working on the second shift.

On this limited finding, the commissioner concluded that the claimant left his employment with sufficient cause connected therewith, was eligible for benefits, and affirmed the determination of the administrator. On such an appeal as this, the court has but a limited function. It does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. Practice Book, 1963, §§ 445, 435.

It is apparent that the commissioner was relying upon the decisions, such as *Consiglio* v. *Administrator,* 137 Conn. 693, 697, which hold that the Unemployment Compensation Act does not contemplate that an employee must remain upon a job which is unsuitable to the extent that it endangers

his health. See also General Statutes § 31-236 (1). There is, however, no finding that the claimant's job in fact affected his health, and without such a finding the conclusion cannot be supported. Even when we give full consideration to the weight to which the commissioner's decision is entitled and the lack of power in this court to review his conclusions when these depend upon the weight of the evidence and credibility of witnesses, the facts necessary to support the conclusion reached do not appear in the finding. Under these circumstances, in order "to protect substantial rights," this court is empowered to a limited extent to examine the transcript of the evidence which has been filed with the court and "make such findings therefrom and render such judgment therein as it deems the law requires." Practice Book, 1963, § 435; *Lanyon* v. *Administrator,* 139 Conn. 20, 30.

Such an examination of the transcript does not disclose evidence which would support a finding that the claimant's job did in fact affect his health, much less in any way endanger it. There was no medical evidence. The only witnesses were the claimant himself and the personnel supervisor for the employer. There was no evidence that the claimant ever discussed any physical condition in requesting a transfer to a day-shift job. In six months, the claimant lost only two days due to illness. The commissioner himself stated to the claimant concerning his 1961 ulcer: "You couldn't have got an ulcer in 1961 just from being on the second shift."

Not only is there nothing in the transcript to justify a conclusion that the claimant's job was unsuitable because it endangered his health but two statements made by the claimant at the conclusion of the hearing are of material significance: "Commissioner: Well, do you want to say anything

further? Mr. De Patra: Well, no, like I say: The work was no strain but the hours—just the idea of being on the second shift with my wife teaching school, and, of course, the boy being in school. And then I have a house to take care of; and then when I get home, I get up in the morning, but on the way going to work at night I would pass the wife and I would toot the horn, and then I wouldn't see her to talk to until about Saturday or a Sunday. Commissioner: Is that what made you nervous? Mr. DePatra: No. It was just working the second shift. I had these nervous tensions, and I used to wake up during the night, gagging and choking, and I asked the doctor about it, and he said, 'Well Frank, it is just nerves. You have to take Neolex and those pills that I prescribed for you and that is it.' But ever since I have been off the second shift now, I feel like a million dollars. I mean since I have been unemployed from the Aircraft."

It is undoubtedly true that most employees prefer not to work on a night shift and that a job requiring work during the evening and night hours does seriously disrupt normal family and social activities, particularly when the employee's spouse is employed for different hours. However, the purpose of the Unemployment Compensation Act was to relieve the hardship of involuntary unemployment caused by the failure of industry to provide stable employment. *Baldassaris* v. *Egan,* 135 Conn. 695, 698; *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 81. The refusal of a claimant to work during hours when otherwise suitable work is available disqualifies him from unemployment benefits. *Leclerc* v. *Administrator,* 137 Conn. 438, 440; *Northup* v. *Administrator,* 148 Conn. 475; *Lukienchuk* v. *Administrator,* 23 Conn. Sup. 85; *Schaffnit* v. *Danaher,* 13 Conn. Sup. 101; *Dinovellis* v. *Danaher,* 12 Conn. Sup. 122.

It was the claimant's burden to prove facts which he claimed entitled him to benefits, and they must appear in the finding. *Northup* v. *Administrator,* supra, 480. The subordinate facts found by the commissioner were insufficient to support his conclusion, and an examination of the transcript does not disclose evidence which would justify a finding of the necessary subordinate facts. Rather, the evidence strongly indicates that personal reasons unrelated to the employment, except as to the working hours, motivated the claimant in quitting his second-shift job.

Accordingly, the appeal is sustained and judgment may enter that the claimant is not entitled to compensation.