In the Matter of the Claim of LINDA A. MILLER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from benefits on the ground she voluntarily left her employment without good cause (Labor Law, § 593, subd. 1, par. [a]). Claimant, a clerk at Flushing Queens Post Office, was determined to have terminated her employment because she was not granted a change in hours from the night to the day shift and because of alleged dirt and dust at the post office. The determination of the Federal agency as to the cause of claimant's termination of employment is "final and conclusive" in the present proceeding (U. S. Code, tit. 5, § 8506; Matter of Burchull [Catherwood], 25 A D 2d 462). The sole issue is thus whether such facts warrant the board's finding that claimant voluntarily left employment without good cause. The question of good cause is also factual and thus the board's determination of that issue is final if supported by substantial evidence (Labor Law, § 623; Matter of Lipschitz [Lubin], 7 A D 2d 777). On the instant record we cannot say that the board could not find that her refusal to continue work if she was not permitted to work during a daylight shift or alternatively because of the alleged working conditions constituted a voluntary separation from employment without good cause within the meaning of the act. Claimant was clearly apprised on taking the employment that it would possibly involve night work and for only one term of duty during her 2½ years of employment had she worked wholly during daylight hours. We cannot say that the board was required to accept claimant's position that she left employment for fear of her safety on returning home late at night (Matter of Fanzo [Catherwood], 29 A D 2d 598; Matter of Bhaviakhinmontes [Catherwood], 26 A D 2d 979). Nor was the board required to find that the working conditions were worse than those prevailing in the area or if so that claimant was unaware thereof when she took employment or that conditions worsened during employment (see Matter of Sellers [Mays, Inc.], 13 A D 2d 204). Moreover, there is no medical proof that the alleged hours of work or working condition affected her health adversely (compare, Matter of Drach [Buffalo China, Inc.], 17 A D 2d 998). Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.