EVA J. POWERS, APPELLANT, V. GERALD E. CHIZEK, COMMISSIONER OF LABOR, AND BEATRICE STATE DEVELOPMENTAL CENTER, APPELLEES.

285 N. W. 2d 501

Filed November 20, 1979. No. 42425.

Brian J. Waid, for appellant.

James R. Jones and John W. Wynkoop, for appellee Chizek.

Heard before KRIVOSHA, C. J., McCOWN, and BRODKEY, JJ., and BUCKLEY and L. W. KELLY, JR., District Judges.

BUCKLEY, District Judge.

Eva J. Powers filed a claim for unemployment compensation benefits under the Nebraska Employment Security Law. The claims deputy and, on appeal, the Nebraska Appeal Tribunal determined that the claimant voluntarily left her employment without good cause, the tribunal thereby assessing a 7-week disqualification against the claim. On appeal, the District Court affirmed the decision of the tribunal. She appeals here.

An appeal from the decision of the Nebraska Appeal Tribunal on an unemployment compensation claim is considered de novo on the record of the hearing before the Nebraska Appeal Tribunal by both the District Court and this court. §§ 48-639 and 48-640, R. R. S. 1943; A. Borchman Sons v. Carpenter, 166 Neb. 322, 89 N. W. 2d 123.

The record of the hearing before the Appeal Tribunal shows the following: Claimant was employed by the Beatrice State Developmental Center as a human resource candidate for approximately 6 years. On Thursday, May 11, 1978, claimant was counseled by her supervisor about excessive absenteeism and was reprimanded for falsifying a doctor's statement regarding an injury leave. Upset, claimant left the meeting and did not complete her work shift. She was not scheduled to work on May 12 and 13, 1978. She did not report for work as scheduled on Sunday, May 14, 1978. On the next

day, May 15, 1978, her employer mailed her a notice that her employment was terminated effective May 29, 1978, "* * * for leaving your work assignment on May 11, 1978 without notifying anyone; and for failure to report for work on May 14, 1978 or to notify your supervisor why you could not report." On the following day, May 16, 1978, claimant filed her claim for unemployment compensation benefits.

Section 48-628, R. R. S. 1943, provides in part: "An individual shall be disqualified for benefits: (a) For the week in which he has left work voluntarily without good cause, * * * and for not less than seven weeks nor more than ten weeks which immediately follow such week, * * * (b) For the week in which he has been discharged for misconduct connected with his work, * * * and for not less than seven weeks nor more than ten weeks which immediately follow such week, * * *."

Claimant appeals from the 7-week disqualification period, contending that she did not voluntarily leave her job without good cause but, instead, was fired. She testified that she was prepared to go to work as usual on her next scheduled day, Sunday, May 14, 1978, but Mrs. Berins, who usually gave claimant a ride to work on Sundays, did not appear. She tried unsuccessfully to call two other friends, as well as for a taxi. Later, her niece called and told her Mrs. Berins had been with her and told her that "they were going to fire you." From this, she concluded that she was fired. She claims she wanted to return to work but was told by another employee that her supervisor would not take her back.

Claimant did not attempt to call anyone in authority to tell them she could not report to work on Sunday, May 14, 1978, stating, because of her sister's illness, "* * * I was on the phone that day most of the day with my brother-in-law and calling the doctor there and talking to my sister."

Claimant's supervisor, Cheryl Gardner, testified

that while claimant was discharged after failing to report for work on Sunday, May 14, 1978, problems with claimant's attendance and use of sick and injury leave were circumstances that led up to it. The decision to fire her was made the following morning, before claimant was scheduled to report for work that afternoon. Thereafter, Mrs. Gardner was told by an employee that claimant wanted to return to work, but her response was, "I said that if Mrs. Powers would like to contact me that she could, but that I would not contact her myself."

The question is, did claimant leave work voluntarily without good cause or was she discharged? Since the defendant Commissioner of Labor concedes claimant was discharged, the question more precisely becomes, did claimant leave work voluntarily without good cause *before* she was discharged?

We conclude that claimant left her work before the end of her shift on May 11, 1978, and failed to report for work on May 14, 1978, both without good cause. But does this constitute "leaving work voluntarily" within the meaning of the Employment Security Law, sections 48-601 to 48-669, R. R. S. 1943? Nowhere in that act is the term defined, nor have we had prior occasion to determine its meaning.

A majority of the states in their unemployment compensation benefit laws assess some form of penalty or disqualification for "leaving work voluntarily." In MacFarland v. Unemploy. Comp. Bd., 45 A. 2d 423 (Pa. Super. Ct., 1946), the court stated, " 'When we say, "he left work voluntarily," we commonly mean, he left of his own motion; he was not discharged. It is the opposite of a discharge, dismissal, or lay-off by the employer or other action by the employer severing relations with his employes, to provide against which the act was mainly designed.' "

In Allen v. Core Target City Y. Prog., 275 Md. 69,

338 A. 2d 237, the court said: "As we see it, the phrase 'due to leaving work voluntarily' has a plain, definite and sensible meaning, free of ambiguity; it expresses a clear legislative intent that to disqualify a claimant from benefits the evidence must establish that the claimant, by his or her own choice, intentionally, of his or her own free will, terminated the employment. If an employee is discharged for any reason, other than perhaps for the commission of an act which the employee knowingly intended to result in his discharge, it cannot be said that his or her unemployment was due to 'leaving work voluntarily.' "

In Savastano v. State Board of Review, 240 A. 2d 172 (N. J., Super., 1968), an employee of a restaurant got into an argument with another employee and walked off the job. When he returned the next day, he found he was replaced. The employment compensation board found that the claimant had left the job without good cause and without notifying the employer, and therefore left the employer with no choice but to replace him immediately. It thereupon concluded that claimant had "left work voluntarily." The court, on appeal, remanded the case to the board for a full hearing on the question of whether claimant quit or was discharged, but in so doing stated: "It seems plain from a contrastive reading of subsections (a) and (b) [left work voluntarily and discharged for misconduct] that the Legislature, in adopting the language 'has left work' in the disqualification subsection (a), was undoubtedly mindful of a distinction between quitting employment and being discharged. Employees frequently leave work temporarily for some fleeting physical or mental irritation, or 'in a huff' occasioned by one or more of the frustrations attending commercial life, without intending to quit. Although such an individual may be said to have left work voluntarily and without good cause attributable to the work, thus en-

gaging in conduct which might justify a discharge by the employer, nevertheless such a party may not be said to have 'left work' in the meaning of having *severed his employment relationship with an intent not to return.*" (Emphasis supplied.)

We determine that to "leave work voluntarily," as that term is used in the Nebraska Employment Security Law, means to intentionally sever the employment relationship with the intent not to return to, or to intentionally terminate, the employment.

The record here shows that claimant worked for the Beatrice center for 6 years and had unexcused absentee problems before. She testified she intended to go to work on Sunday, May 14, 1978, but her ride didn't show up, and she would have gone to work on the following day if she had not been fired. Her supervisor and unit administrator considered whether her leaving the job on Thursday was grounds for dismissal, but decided to wait until Monday to see if she reported for work on Sunday. When she did not, she was discharged. The record is clear that the only reasons for her discharge were her leaving work before the end of her shift on Thursday, May 11, 1978, and not reporting for work the following Sunday. The record shows no evidence, direct or circumstantial, which would indicate that when she left the job or didn't report the following workday she had terminated her employment. Without such additional evidence, the length of claimant's absence from work was far too short a period to permit a finding that claimant, when she was dismissed, had already terminated her employment. Therefore, we conclude that claimant did not "leave work voluntarily" so as to subject her to the 7-week unemployment benefit disqualification.

The Commissioner of Labor asserts that even if this court finds that claimant did not leave work voluntarily, the record shows she was discharged for misconduct, and since the disqualification period is the

same, the result would be the same.

On appeal to the District Court the employer, Beatrice State Developmental Center, was made a party defendant, but it did not answer the petition for review and was adjudged in default.  Claimant's petition for review and the answer of the Commissioner of Labor did not raise the issue of whether claimant was discharged for misconduct.  The commissioner attempts to raise it for the first time in his brief in this court.  Questions not presented to or passed upon by the trial court will not be considered on appeal.  Ford v. County of Perkins, 190 Neb. 304, 207 N. W. 2d 694.

The judgment of the District Court is reversed and the cause is remanded.

REVERSED AND REMANDED.