Robert Nielsen et al., Appellants and
Cross-Appellees, v.
Sanitary and Improvement District No. 229 of
Douglas County, Nebraska, et al., Appellees,
Hawkins Construction Company,
appellee and cross-appellant,
First Federal Savings and Loan Association
of Lincoln, intervenor-appellant.

304 N.W.2d 385

Filed April 10, 1981. No. 43301.

Daniel G. Dolan of Daniel G. Dolan, P.C., and August Ross of Ross & Mason for appellants Nielsen.

John W. Delehant and James D. Sherrets for intervenor-appellant First Federal.

Walsh, Walentine, Miles, Fullenkamp & O'Toole for appellee SID.

Dennis E. Martin and Edward F. Pohren of Dwyer, O'Leary & Martin, P.C., for appellee Hawkins.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action by plaintiffs on behalf of themselves and all taxpayers in Sanitary and Improvement District No. 229, to declare void and enjoin the payment of warrants issued by the district to defendant Hawkins Construction Company for the construction of certain improvements, including paving, sewers, and related work. The District Court found that plaintiffs had no greater right than the sanitary and improvement district to assert the invalidity of the warrants, and that plaintiffs' claims were barred by certain consent decrees previously entered into between Sanitary and Improvement District No. 229 and the mortgagees and owners of the property on which the improvements were constructed. The District Court dismissed the plaintiffs' petition and this appeal followed.

Plaintiffs are the owners of a residence located within the boundaries of Sanitary and Improvement District No. 229 of Douglas County, Nebraska, which was duly formed on December 1, 1971. Among the petitioners for the creation of the district were the developers of The Knolls apartment complex, a joint venture formed by Edward E. Wilczewski and Hawkins Investment Co. Limited Partnership No. 1. The developers were the owners of property in The Knolls Addition which is the subject of this action.

Following the creation of the district the developers requested the board of trustees of the district to

construct certain pavement, sewer, and other public improvements on dedicated rights-of-way or on permanent easements. No written easements were given. The then constituted board of trustees of the district approved a resolution of advisability and necessity to construct the improvements in dedicated rights-of-way on the properties owned by the developers. On August 25, 1972, following public bidding in which Hawkins was the low bidder, the board of trustees of the district accepted the bid of Hawkins Construction Company in the sum of $984,573.26.

The warrants the plaintiffs seek to void were issued by the district to Hawkins as the work progressed upon receipt of pay order estimates from the engineering firm supervising the construction. Hawkins did not retain the warrants but sold them to Chiles, Heider & Co., which in turn sold the warrants to the general public. Current warrant holders have not been paid nor have they been joined as parties in this litigation.

Subsequent to the construction of the improvements in question, as well as the construction of three apartment complexes, the developers met with financial difficulties and the separate tracts of land on which the apartment complexes are located were foreclosed and purchased at the foreclosure sale by the respective mortgagees, Occidental Life Insurance Company, First Federal Savings and Loan Association of Lincoln, and Banco Mortgage Company.

On November 17, 1977, the then board of trustees of the district levied special assessments against the three properties then owned by the three lending institutions for the total project cost, including engineering and legal costs, plus interest, in the total amount of $1,569,311.22. The respective benefits sought to be apportioned against the owners were: Occidental Life Insurance Company, $433,185.83; First Federal Savings and Loan Association, $759,641.23; and Banco Mortgage Company, $376,484.16.

Each of the three owners thereafter appealed the assessment to the District Court for Douglas County and each alleged, among other things, that the improvements which formed the basis for the special assessments were constructed on private rather than public property, and that the levy and assessments were therefore void. The district's answers affirmatively alleged that predecessors in title had given both oral and written dedications to the district across the property upon which the improvements were made.

The parties entered into settlement negotiations in each of the three cases and on December 8, 1977, the District Court entered a consent decree in each case finding that the properties were not specially benefited to the extent levied and that each assessment should be reduced to a specific amount which was to be paid on or before December 12, 1977. The amounts in each case were: Occidental Life Insurance Company, $165,757.40; First Federal Savings and Loan Association, $411,124.37; and Banco Mortgage Company, $151,157.67. The total settlement amount was $728,039.44. Collateral to the decrees the three lending institution owners released the district from its future responsibility to maintain the improvements, and the district assigned whatever claim the district may have had because of defects in the improvements to the owners.

There was evidence that the settlement was beneficial to the district. There was a genuine question as to the validity of the assessments. There was evidence that had the assessment been made in accordance with standard subdivision practice, approximately $345,000 of the total amount would have been a general obligation of the district rather than being assessed against the three particular property owners involved. There was also evidence that the yearly maintenance cost assumed by the three property owners would be $10,000 to $12,000 per year and that

because the settlement amount was paid immediately in cash rather than spread over 10 years, the district achieved a benefit of $234,000 in connection with the sale of its bonds.

At the conclusion of the trial in the case at bar the District Court found that a substantial amount of the improvements involved here were constructed on private property, did not constitute public improvements within the authority of the district, and were, in fact, for the use and benefit of the developers. The court also found that the three owners and mortgagees did not give the district valid easements for the construction of the improvements and that no easements existed by operation of law.

The District Court also found that the plaintiffs had no right to assert the claim of invalidity of the warrants and the construction work since they had no greater right than Sanitary and Improvement District No. 229, and that the plaintiffs' claims in the case at bar were barred by the consent decrees entered into by the district and the mortgagees and owners of the private property in the assessment cases.

Finally, the court found that the consent decrees entered by the District Court in the Occidental, First Federal, and Banco cases were binding and conclusive on the issues raised by the plaintiffs in the case at bar, and that it is implicit in the findings in those three respective lawsuits that the question of improvements constructed on private property as asserted by the plaintiffs in the case at bar was decided by the District Court and therefore precluded from determination in the case at bar. The District Court therefore dismissed plaintiffs' petition and this appeal followed.

The petition of First Federal Savings and Loan Association, which had intervened, seeking a conditional refund of special assessments paid under the consent decree, was also dismissed.

The action here is essentially a derivative action by the plaintiffs as resident taxpayers of the district. In such a derivative action by a resident taxpayer on behalf of the sanitary and improvement district, the plaintiffs have no rights greater than the rights the district itself possesses. *Pedersen v. Westroads, Inc.*, 189 Neb. 236, 202 N.W.2d 198 (1972). See, also, 64 C.J.S. *Municipal Corporations* § 2138(a) (1950); 74 Am. Jur. 2d *Taxpayers' Actions* § 2 (1974).

In the case at bar the plaintiffs assert on behalf of the district that certain construction work was done on private property rather than public property, and request that warrants issued in payment therefor be declared void. It is well established that in order to render an assessment for improvements valid, the improvements may be constructed only on land in which the public has title or at least a valid easement. *Metropolitan Life Ins. Co. v. SID No. 222*, 204 Neb. 350, 281 N.W.2d 922 (1979); 14 McQuillin, Municipal Corporations § 38.179 (3d ed. 1970).

The evidence in the case at bar included the complete court record of the three cases involving the consent decrees which the district contends resolved the issue of public or private property. Those three cases involved the same construction work and improvements involved in this case, and in each case the specific issue of whether the improvements were located on public or private property was raised and in issue. The consent decrees reduced the special assessments made on the basis that the lands had only been specially benefited to the extent of the amounts set out in the decrees. There can be no doubt that the decrees, in determining that the respective special assessments were valid in the reduced amounts, necessarily and implicitly determined that the improvements involved were constructed on public rather than private land. Such a finding was necessary to support each judgment and the trial court in the present case so found. The district, as a party

to those three cases, is bound by the decrees, and it is also clear that a taxpayer plaintiff in a derivative claim on behalf of a governmental body is bound by all findings and orders to the same extent that the governmental body is bound. See *Pedersen v. Westroads, Inc., supra.*

For purposes of res judicata, a judgment decides all issues essential to support it and those assumed or decided in leading to and supporting the final conclusion as well as the ultimate decision. *Norlanco, Inc. v. County of Madison,* 186 Neb. 100, 181 N.W.2d 119 (1970).

Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. *Vantage Enterprises, Inc. v. Caldwell,* 196 Neb. 671, 244 N.W.2d 678 (1976).

The plaintiffs acknowledge that the general rule with respect to domestic judgments is that they cannot be collaterally attacked or impeached by the parties for fraud or collusion not going to the jurisdiction, and that consent judgments are as conclusive on collateral attack as judgments rendered after trial. Plaintiffs contend, however, that in cases involving public interests where the public was a party merely by representation, the persons represented may show fraud or collusion in obtaining the judgment, and they rely upon the case of *Warren v. County of Stanton,* 145 Neb. 220, 15 N.W.2d 757 (1944).

The *Warren* case adopted the general rule and recognized the public interest exception where there was fraud or collusion in obtaining the judgment. The *Warren* holding as to fraud or collusion has no application here. In the case at bar plaintiffs did not plead

any fraud or collusion by the parties to the consent decrees. There was no evidence of fraud or collusion at trial, nor was the issue raised or argued in the District Court. Questions not presented to or passed upon by the trial court will not be considered on appeal. *Powers v. Chizek*, 204 Neb. 759, 285 N.W.2d 501 (1979).

In view of our holdings it is unnecessary to consider the issues raised in the cross-appeal of defendant Hawkins Construction Company.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in result.

CLINTON, J., participating on briefs.