FLOYD D. GASTINEAU, APPELLANT, v. TOMAHAWK OIL COMPANY, LIMITED, ET AL., APPELLEES.

319 N.W.2d 107

Filed May 7, 1982. No. 81-852.

Monica Kirk and Ron Sanchez, for appellant.

Pamela A. Mattson, for appellee Hanlon.

No appearance for appellee Tomahawk.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

Floyd D. Gastineau, the claimant, appeals from the judgment of the District Court affirming the decision of the Nebraska Appeal Tribunal that he was disqualified from receiving unemployment compensation for the week ending January 24, 1981, through March 21, 1981.

The claimant was employed as a service station attendant by Tomahawk Oil Company, Limited, at North Platte, Nebraska. When the claimant reported for work on January 22, 1981, the manager of the station refused to allow the claimant to work that day. The claimant had been drinking the day before, which was his regular day off from work. According to the manager, the claimant "wasn't fit —able to work."

The manager took the claimant home and told the claimant he, the manager, would let the claimant "know something" in a few days. That same day, the claimant filed a claim for unemployment compensation. The claimant did not contact the employer again until 2 weeks later. At that time the

manager said there were no openings. In April the manager offered to reemploy the claimant and the claimant went back to work.

The issue is whether the claimant voluntarily left his employment. An employee who leaves work "voluntarily without good cause" is disqualified for unemployment benefits for the week in which he left and for not less than 7 nor more than 10 weeks immediately following. Neb. Rev. Stat. § 48-628(a) (Reissue 1978). To leave work voluntarily means to intentionally sever the employment relationship with the intent not to return to, or to intentionally terminate, the employment. *School Dist. No. 20 v. Commissioner of Labor*, 208 Neb. 663, 305 N.W.2d 367 (1981); *Powers v. Chizek*, 204 Neb. 759, 285 N.W.2d 501 (1979).

The fact that the claimant filed a claim for unemployment compensation on the same day that he was not allowed to work, and did not contact the employer again until some 2 weeks later, is strong evidence that the claimant left his work voluntarily without good cause. The claimant's explanation for this conduct is that he did not believe the manager when the latter said he would let the claimant know something in a few days. We do not find that to be persuasive.

Upon review de novo, we find the evidence supports the conclusion reached by the appeal tribunal and the District Court. The judgment is, therefore, affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority in this case. The majority has determined that an employee who is taken home for allegedly drinking and told he should remain at home until the employer lets him know something in a few days has voluntarily left his employment *without good cause,* thereby disqualifying himself for unemployment

benefits for the week in which he left and for not less than 7 nor more than 10 weeks immediately following. An employee is not required to remain at home unemployed and uncompensated until the employer decides what further action, if any, he will take. It may very well be that the employer had good cause to terminate the employee. He chose, however, not to do so. He was not, therefore, at liberty to make the employee "stand in the corner" until he, the employer, decided what further punishment, if any, should be administered. Having refused to permit the employee to work and earn a salary without discharging him, the employee had good cause to leave his employment. I would have so held.

WHITE, J., joins in this dissent.