IN RE ESTATE OF WILLIAM J. GLASER, ALSO KNOWN AS
WILLIAM GLASER, DECEASED.
ALOIS A. MICEK AND FLORENCE M. MICEK,
APPELLANTS, V. FIRST NATIONAL BANK & TRUST CO. OF
COLUMBUS, NEBRASKA, PERSONAL REPRESENTATIVE,
APPELLEE.

348 N.W.2d 127

Filed April 27, 1984. No. 83-285.

Edward F. Carter, Jr., and Mark D. Petersen of
Barney, Carter & Johnson, P.C., and Cleo Robak, for
appellants.

Wilbur L. Johnson and Frank J. Skorupa of John-
son & Skorupa, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and
McCOWN and BRODKEY, JJ., Retired.

KRIVOSHA, C.J.

This case involves the question of whether certain
estate and inheritance taxes due by reason of the
death of William J. Glaser should be paid by the es-
tate of William J. Glaser or by the appellants, Alois
and Florence Micek, who acquired, in part by con-
tract and in part by gift, certain real estate included
in the federal estate tax return of William J. Glaser,
deceased. The county court determined that the tax
should be paid by the Miceks. On appeal the district
court affirmed. We also affirm.

William J. Glaser died on March 13, 1980, leaving
neither a wife nor children surviving. His last will

and testament dated November 27, 1979, was admitted to probate in the county court for Platte County, Nebraska, on April 9, 1980. The will provided that nine U.S. series H bonds and $500 in cash be delivered to the First United Methodist Church of Columbus, Nebraska. The remainder of Glaser's property was divided among various relatives.

The undisputed facts disclose that on December 7, 1979, Glaser sold certain real estate which he owned to the Miceks by a land contract. The total price for the land to be paid by the Miceks to Glaser was $79,000, payable $7,900 upon execution of the contract and the balance in nine annual installments with interest at the rate of 6 percent per annum. Glaser reserved a right to live in the residence located upon the land during his lifetime. The sale price for the land was fixed at approximately $500 an acre for 154.87 acres. A gift tax return was prepared and filed for the difference between the purchase price and the value of the land, which was shown on the gift tax return at $1,000 per acre. Because of the size of the gift, however, no tax was due. The land was considered as part of Glaser's estate for estate tax purposes because the conveyance was made within 3 years of Glaser's death for insufficient consideration. I.R.C. § 2035 (1976). At that time the Internal Revenue Service maintained that in fact the land was worth $3,000 an acre. After conferences and negotiations with the Internal Revenue Service, the personal representative of the estate and the Internal Revenue Service agreed that for estate tax purposes the land should have a value of $2,000 per acre and a gift tax value of $1,000 per acre. As a result of these negotiations, there was an additional tax due and owing. The question presented by this case is whether the Miceks are obligated for a portion of both the federal estate and the Nebraska inheritance taxes due by reason of Glaser's death.

Under the provisions of Neb. Rev. Stat. § 77-2108 (Reissue 1981):

Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee, or other person acting in a fiduciary capacity, has paid or may be required to pay any estate tax levied or assessed under Chapter 77, article 21, or under the provisions of any estate tax law of the United States heretofore or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid or payable, *except as otherwise directed in the decedent's will,* . . . shall be equitably apportioned and prorated among the persons interested in the estate.

(Emphasis supplied.) The parties each agree that the provisions of § 77-2108 apply and require that the tax due and owing upon the property conveyed to Miceks but included in Glaser's estate for tax purposes should be paid by the Miceks unless the payment is "otherwise directed in the decedent's will." The personal representative maintains that no such directions may be found in the will, while the Miceks contend to the contrary.

The specific language which gives rise to the dispute is paragraph FIRST of the last will and testament of William Glaser. Paragraph FIRST provides as follows:

FIRST. I direct that all my just debts, funeral expenses, the costs and expenses of administering my estate and all inheritance, succession and estate taxes which may be levied or assessed upon or *with respect to any property passing on account of my death,* be first paid out of the property belonging to my estate.

(Emphasis supplied.) The parties again concede that the critical language is "with respect to any property passing on account of my death." The personal representative argues that the specific property in question was acquired by the Miceks under

contract and therefore did not pass on account of Glaser's death. The Miceks, on the other hand, maintain that Glaser reserved a life estate in a portion of the property conveyed by contract, which passed to the Miceks and merged with the remainder interest on Glaser's death. The Miceks further argue that because the life estate was property which passed on account of Glaser's death, *all* of the tax assessed on the transfer of the real estate from Glaser to the Miceks should be paid by the estate in accordance with Glaser's directive contained in paragraph FIRST of his will. We believe that the difficulty with the Miceks' position is the mistaken belief that the termination of a life estate by reason of the death of the life tenant transfers any property interest to the remainderman. Where one holds a life estate for the duration of his own life, such estate is terminated by his death, and, while it may be a property right when held by the life tenant, it does not pass on account of anyone's death, including the life tenant's.

In the case of *In re Estate of Mischke*, 136 Neb. 875, 878, 287 N.W. 760, 761 (1939), we said: "The interest of the life tenant in the real estate was extinguished by her death. Her title did not pass to the remainderman. It ceased to exist." Glaser's death did not result in the "transfer" of any property interest. The language of paragraph FIRST is clear and unambiguous and requires no interpretation, contrary to the urgings of the Miceks. As we noted in *Nielsen v. Sidner*, 191 Neb. 324, 329, 215 N.W.2d 86, 89 (1974), "[U]nder section 77-2108, R.R.S. 1943, estate taxes will be equitably apportioned in accordance with statutory rules unless there is a clear and unambiguous direction to the contrary. Ambiguities are to be resolved in favor of apportionment."

The Miceks cite to us the case of *Gretchen Swanson Family Foundation, Inc. v. Johnson*, 193 Neb. 641, 228 N.W.2d 608 (1975), as authority for their position. We believe, however, that the *Gretchen Swan-*

*son* decision makes it clear how an appropriate intent should be evidenced and that paragraph FIRST of William J. Glaser's will does not reflect this intention. The *Gretchen Swanson* case at 642, 228 N.W.2d at 609, sets out that the will provided " 'that all estate, inheritance, transfer, succession, legacy, or other death taxes which may become payable upon or with respect to any property included as a part of my gross taxable estate shall be paid out of the corpus of my residuary estate.' " Obviously, a direction to the effect that taxes on property included as part of the gross taxable estate, *whether passing or not by reason of death*, should be paid is completely different than a requirement that the taxes be paid only with regard to property passing by reason of death. The ideal language may be found in *Rasmussen v. Wedge*, 190 Neb. 818, 819, 212 N.W.2d 637, 638 (1973), wherein the will provided:

"I direct my Executors to pay all Federal and State estate, inheritance, succession, transfer or other death taxes which are assessed against my estate or any beneficiary including any such tax which may be so assessed by reason of property which may be included in my estate for such tax purposes whether or not so included for probate purposes, out of my residuary estate."

When one looks at the language of either the *Gretchen Swanson* will or the will involved in the *Rasmussen* case, it is clear that paragraph FIRST of the Glaser will does not apply to property acquired by contract, even though the property was included in the federal estate tax return because a federal statute requires that all property conveyed within 3 years for less than adequate consideration be included in the decedent's estate tax return. The simple fact of the matter is that no property interest passed to the Miceks upon Glaser's death, and therefore paragraph FIRST of his will is not applicable. Because no contrary direction is contained in

Glaser's will, the provisions of § 77-2108, requiring apportionment, must be applied.

The Miceks raise a second assignment to the effect that the district court erred in ordering the appellants to pay inheritance and estate taxes which were based upon incorrect computations and valuations. The Miceks agree, however, that this claim was never raised either before the county court or the district court and is raised in this court for the first time on appeal. We have frequently held that this court will not for the first time on appeal consider a question not presented to or passed upon by the trial court, though in limited cases we will correct plain error in furtherance of the interest of substantial justice. See, *Guynan v. Guynan*, 208 Neb. 775, 305 N.W.2d 882 (1981); *Nielsen v. SID No. 229*, 208 Neb. 542, 304 N.W.2d 385 (1981); *Linn v. Linn*, 205 Neb. 218, 286 N.W.2d 765 (1980). Were this simply a matter of making a mathematical recomputation, perhaps what is requested of us by the Miceks would not be impossible. However, what we are requested to do is to redetermine the value of the property for gift tax purposes. The record is simply inadequate for us to attempt to determine what the value of the gift should be, and we should not attempt to do so for the first time on appeal. The judgment of the district court upholding the order of the county court is affirmed.

AFFIRMED.