JANINE A. NUSS, APPELLEE, V. RONALD E. SORENSEN, COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLANT, DONNA BRITTENHAM ET AL., APPELLEES.

358 N.W.2d 752

Filed November 30, 1984.    No. 84-164.

Paul D. Kratz, for appellant.

Robert G. Hays, for appellee Nuss.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

This is an appeal by the Commissioner of Labor from an order of the district court for Lancaster County which reversed a ruling of the Nebraska Appeal Tribunal. The tribunal had found that claimant-appellee, Janine A. Nuss, had voluntarily left her employment without good cause, thus disqualifying her from 9 weeks of unemployment compensation.

The facts, as stipulated by the parties, are as follows: The claimant was employed as a housekeeper at the Sharon Motel until October 17, 1982. At that time Nuss *voluntarily* left this position in order to accept a permanent, higher-paying job with the Brunswick Corporation. Nuss worked for Brunswick for 5 weeks and then was laid off through no fault of her own, as the corporation reduced its work force.

The question presented is whether Neb. Rev. Stat. § 48-628(a) (Cum. Supp. 1982) requires that a person who voluntarily leaves one job in order to accept another is disqualified from receiving benefits for having left without good cause. The statute provides: "An individual shall be disqualified for benefits: (a) For the week in which he or she has left work voluntarily without good cause, if so found by the Commissioner of Labor, and for not less than seven weeks nor more than ten weeks which immediately follow such week . . . ."

In reaching its decision for the claimant, the district court relied on the following language from our opinion in *Gilbert v. Hanlon*, 214 Neb. 676, 680, 335 N.W.2d 548, 551 (1983):

We believe that a more appropriate reading of both the language of § 48-628 and the intent and purpose of the Nebraska Employment Security Law (Neb. Rev. Stat.

§§ 48-601 to 48-669) is to interpret § 48-628(a) such that one is disqualified for benefits if, by leaving work voluntarily without good cause, one thereby makes himself or herself "unemployed."

However, in view of the differing factual situation presented in *Gilbert*, such reliance was not warranted.

*Gilbert* concerned an employee who held both full-time and part-time positions concurrently. The individual quit her part-time position and was laid off from her full-time job. In affirming the district court's ruling that the employee was not disqualified from receiving benefits attributable to her full-time position, we stated:

> While the language of § 48-628 appears clear on its face, when applied to the factual situation in this case the conflict becomes readily apparent. Section 48-628 apparently contemplates that an employee will have only one job at any one time, because it does not provide for what is to happen in the event of multiple jobs. Section 48-628 does not say that one is disqualified if he or she leaves "some of his or her work" or if he or she leaves "part of his or her work," or anything of that import. The commissioner advises us in his brief that it is his position that § 48-628(a) must be interpreted to apply to claimants who voluntarily leave *any* job, as the statute makes no distinction between quitting part-time and full-time employment. We believe that such an interpretation would be wholly inappropriate.

*Id.* at 679-80, 335 N.W.2d at 551.

The appellee's argument in the instant case, that she did not make herself "unemployed" by leaving her job at the motel, overlooks the limited context of our ruling in *Gilbert*. The specific situation we addressed was *concurrent* employment and the effect of a voluntary ending of a part-time employment on unemployment benefits arising from full-time employment. We noted the incongruous result that

> one who had worked for years at a full-time job and then took a part-time job selling on Thursday evenings, and who thereafter voluntarily quit the part-time employment in order to devote even more time to his or her full-time

employment, might lose all the benefits of the Nebraska Employment Security Law by reason of having taken this temporary part-time job.

*Id.* at 682-83, 335 N.W.2d at 552. The situation involving Nuss presents no such hardship, but rather concerns a common occurrence wherein an employee quits a full-time job through no fault of the employer.

We have said that " 'to leave work voluntarily,' as that term is used in the Nebraska Employment Security Law, means to intentionally sever the employment relationship with the intent not to return to, or to intentionally terminate, the employment." *Powers v. Chizek,* 204 Neb. 759, 764, 285 N.W.2d 501, 504 (1979). The stipulated facts are clear that the appellee left her job for the sole reason that she had found a more lucrative position. Her employer did nothing to force this move, thus making Nuss' actions completely voluntary. "It is obvious that the Employment Security Law does not purport to grant benefits to employees who leave their work purely voluntarily." *Glionna v. Chizek,* 204 Neb. 37, 40, 281 N.W.2d 220, 223 (1979).

The judgment of the district court is reversed, and the cause is remanded with directions to reinstate the order of the Nebraska Appeal Tribunal.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., dissenting.

As recently as *Gilbert v. Hanlon,* 214 Neb. 676, 680, 335 N.W.2d 548, 551 (1983), this court said:

We believe that a more appropriate reading of both the language of § 48-628 and the intent and purpose of the Nebraska Employment Security Law (Neb. Rev. Stat. §§ 48-601 to 48-699) is to interpret § 48-628(a) such that one is disqualified for benefits if, by leaving work voluntarily without good cause, one thereby makes himself or herself "unemployed."

Janine A. Nuss, by leaving the employ of the Sharon Motel and accepting higher paid employment, did not render herself unemployed. Therefore, she was eligible for unemployment benefits. I would have so held.

SHANAHAN, J., joins in this dissent.