MICUAL D. CARSON, APPELLANT, V. RONALD E. SORENSEN, COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLEE.
388 N.W.2d 454

Filed May 30, 1986.   No. 85-914.

Micual D. Carson, pro se.

Jerry D. Slominski, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal by Micual D. Carson from an order of the Keith County District Court affirming the Nebraska Appeal Tribunal's decision to disqualify Carson from receiving federal supplemental unemployment compensation. We affirm.

Carson was discharged on September 30, 1983, from his employment at PAKS Developmental Services in Ogallala, Nebraska, for "insubordination and failure to carry out directives." He had worked at PAKS for about a year as an assistant residential manager at $3.79 per hour.

Carson applied for unemployment benefits with the Nebraska Department of Labor on November 16, 1983. He was initially disqualified from receiving benefits for 9 weeks due to alleged misconduct, but he successfully appealed this decision and began receiving state benefits. By May 1984 Carson had exhausted his state benefits. See Neb. Rev. Stat. § 48-626 (Reissue 1984). However, under the provisions of Neb. Rev. Stat. §§ 48-628.02 through 48-628.04 (Reissue 1984), he became eligible to receive extended benefits through the federal supplemental compensation (FSC) program.

To receive benefits under the FSC program, the Nebraska Department of Labor requires an applicant to seek employment in a "systematic and sustained" manner, including at least five new job contacts per week which must be made on three different days of the week for the week claimed. Of the five or more contacts, three must be in person. The applicant cannot include contacts made in previous weeks, in person or otherwise, toward the current week's contacts. At the time he applied for FSC benefits, Carson signed a form acknowledging these requirements.

For the week ending May 26, 1984, Carson listed on his report of work seeking activities three job contacts, two on May 24, 1984, and one on May 25, 1984. All three were personal contacts, the latter being a followup interview to a job contact made 2 weeks earlier. The Department of Labor disqualified Carson from receiving FSC benefits because of inadequate job contacts for the week ending May 26, 1984. Carson appealed the department's action. Following a hearing, the hearing officer affirmed the disqualification. The hearing officer determined that Carson was aware of the requirements for FSC benefits, that Carson had not fulfilled the requirements, and that he had not offered any new evidence of additional job contacts for the week in question.

Carson appealed the decision to the Keith County District

Court. At the trial Carson was allowed to introduce evidence of his work search efforts during the entire time he had been unemployed. Exhibit 2 is a compilation of every job contact he made in 1984. Exhibit 4 reveals that Carson's job search has been directed almost entirely toward positions with the State of Nebraska and has been aimed at positions with salaries significantly higher than $3.79 an hour. Neither of these exhibits contains the minimum number or type of contacts required for FSC benefits for the week ending May 26, 1984.

The district court affirmed the appeal tribunal's decision. Carson now appeals to this court. The issue on appeal is limited to whether the FSC eligibility requirements are reasonable for a person employed in the social services field. Our standard of review of the district court's decision is de novo on the record. Neb. Rev. Stat. § 48-640 (Supp. 1985). Accordingly, we retry the issues of fact and reach an independent conclusion. *Montclair Nursing Center v. Wills*, 220 Neb. 547, 371 N.W.2d 121 (1985).

Neb. Rev. Stat. § 48-628.03 (Reissue 1984) provides:

(1) An individual shall be ineligible for payment of extended benefits for any week of unemployment in his or her eligibility period if the commissioner finds that during such period (a) he or she failed to accept any offer of suitable work or failed to apply for any suitable work to which he or she was referred by the commissioner, or (b) he or she failed to actively engage in seeking work as prescribed under subsection (5) of this section.

. . . .

(5) For the purposes of subsection (1) of this section, an individual shall be treated as actively engaged in seeking work during any week if the individual has engaged in a systematic and sustained effort to obtain work during such week, and the individual furnishes tangible evidence that he or she has engaged in such effort during such week.

The Nebraska Department of Labor has further defined a "systematic and sustained" job search in its regulations:

The job search requirements for the Federal Supplemental Compensation systematic and sustained job search are:

1. Five or six <u>NEW</u> job contacts <u>each</u> week.

2. A majority of these job contacts must be made in person.
3. The job contacts must be made on three different days of the week claimed.
4. No duplications can be made from previous weeks claimed.
5. I must report in person after I have returned three job contact work sheets.

Inclusion of the "systematic and sustained" work search requirements resulted from an amendment to the Federal-State Extended Unemployment Compensation Act of 1970, I.R.C. § 3304 (1982), passed by Congress. The act requires states to withhold payment of FSC benefits unless the applicant has engaged in a "systematic and sustained effort to obtain work during such week." § 3304(a)(3)(E)(i). Under the Federal Supplemental Compensation Act of 1982, I.R.C. § 3304 (1982, Supp. I 1983, & Supp. II 1984), the terms and conditions of state law which apply to claims for extended compensation also apply to claims for FSC benefits. Consequently, the FSC program is operated by the states under state extended benefits statutes.

Although state law controls FSC benefits requirements, the federal government has promulgated guidelines which states must follow to receive FSC funding. These guidelines are contained in Unemployment Insurance Program Letters and in General Administration Letters (GAL). GAL No. 21-81, dated May 12, 1981, includes the following instructions to state employment agencies operating an extended benefit program:

An EB claimant is expected to make a more diligent and active search for work than would normally be required of an individual receiving regular benefits. To meet EB eligibility requirements, the claimant's search for work must be "systematic and sustained." A "sustained" effort to obtain work is a continual effort maintained at length throughout each week. Under the requirement to actively seek work, passive availability for work is not sufficient. A "systematic" effort to obtain work is a work search conducted with thoroughness and with a plan or methods to produce results. Registration with a referral union will

be considered as partially meeting the active search for work requirements, but individual work search efforts will be required in every case to demonstrate an active search for work.

. . . .

If there are no or few openings in an individual's customary occupation, he/she must broaden the types of work sought to meet the "active" search for work requirement even if the claimant's job prospects are classified as "good." The broadening of types of work sought to include work other than the claimant's highest skill or customary work must be accompanied by a willingness by the claimant to lower his/her wage exceptions [sic]. Claimants who restrict their job search to their customary occupation as a mere preference, not based upon physical or mental capability or conditions of the labor market, and by this limitation fail to maintain an active search for work will be ineligible for extended benefits for failing to actively seek work.

As the federal guidelines indicate, an applicant for FSC benefits is "expected to make a more diligent and active search for work" than would normally be required of one applying for regular benefits. Further, FSC applicants are expected to broaden their job search efforts "to include work other than the claimant's highest skill or customary work." The applicant must be willing "to lower his/her wage expectations" in order to meet the "active" job search requirement.

Because failure to comply with federal directives could jeopardize funding, the Nebraska Legislature undoubtedly intended that the Department of Labor operate its extended benefits program consistent with these guidelines. The department's definition of a systematic and sustained job search constitutes reasonable compliance with federal directives and is not outside the authority granted by the Legislature.

We find in our de novo review of the record that Carson did not make the necessary job contacts for the week ending May 26, 1984. He argues that the job market in his field, social services, is limited, so that it is impossible to make the required

number of weekly contacts. However, the record reflects no effort on Carson's part to venture outside the social services field for employment. The Department of Labor's regulations being reasonable, Carson was required to follow them in order to maintain FSC benefits. This he failed to do. The judgment of the district court is affirmed.

AFFIRMED.