■ In the Matter of the Claim of ALEXANDER DAVID, JR., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [637 NYS2d 511] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 1994, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Our inquiry here is limited to whether the decision is supported by substantial evidence on the issue of disqualification for benefits due to misconduct (*see,* Labor Law § 593 [3]). What constitutes "good cause" for discharge within the meaning of Labor Law § 593 (3) is a question of fact within the province of the Board if its findings are supported by substantial evidence (*Matter of Miller v Catherwood*, 30 AD2d 610). Claimant, a warehouse worker, was terminated from his employment after he failed to work a mandatory overtime assignment.

The evidence in the record establishes that claimant's manager instructed the warehouse workers that they would be required to work overtime on the date in question during several meetings and that claimant responded by indicating at that time he would be available. Although claimant testified that he was misled by his supervisor's subsequent statement that a memorandum addressing overtime did not apply to the warehouse workers, the supervisor stated that he never told claimant that overtime was not mandatory, but rather that he did not have to confirm his availability as requested in the memorandum. The Board resolved the question of what was said between claimant and his manager accepting the manager's version. The Board is charged with resolving issues of credibility and we accept its holding. In view thereof, we find that substantial evidence supports the Board's decision.

Mikoll, J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.